**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**George L. McKENLEY,
Defendant–Appellant.**

**No. 88–5137.**

United States Court of Appeals,
Fourth Circuit.

Argued May 12, 1989.

Decided Feb. 6, 1990.

---

ELLIS, District Judge:

This appeal presents the novel question whether a district court may depart from the Guidelines sentencing range on the ground that defendant's two past acquittals by reason of insanity are an "aggravating ... circumstance ... not adequately taken into consideration by the Sentencing Commission...." 18 U.S.C. § 3553(b). We hold here that past acquittals by reason of insanity may be a basis for departure from the Guidelines range and that the district judge acted within his sentencing discretion to depart in the instant case.

## I.

George McKenley pled guilty to a five-count indictment charging him with drug conspiracy and distribution. Specifically, McKenley admitted guilt with respect to four distributions of cocaine to undercover agents totaling 190.1 grams. The distributions, by McKenley and his then common-law wife and co-defendant, were made at their residence and their business location, which was within 1000 feet of a school. Indeed, on one occasion a minor child was used in the distribution to retrieve some cocaine from its place of concealment under defendant's house.

At sentencing, McKenley's total offense level was fixed at 18, his criminal history category at I, and his Guidelines range of incarceration at 27–33 months. Not accounted for in McKenley's criminal history were two acquittals by reason of insanity, one for second-degree murder and attempted murder and a second for four counts of attempted murder.[1] Citing McKenley's "violent history," the district judge concluded that criminal history category I did not adequately reflect the serious nature of McKenley's criminal history. For this reason, the district judge departed upward and

Susan Zalkin Hitt, Asst. Federal Public Defender, for defendant-appellant.

Eric William Ruschky, Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., on brief), for plaintiff-appellee.

Before WIDENER, Circuit Judge, HAYNSWORTH,* Senior Circuit Judge, and ELLIS, District Judge for the Eastern District of Virginia, sitting by designation.

* Judge Haynsworth participated in the consideration of this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel. 28 U.S.C. § 46(d).

1. Specifically, defendant shot and killed his earlier common-law wife while riding with two other passengers in an automobile she was driving. Defendant also shot and wounded the other two passengers. After several hearings, defendant was found competent to stand trial, but was ultimately acquitted by reason of insanity of second-degree murder and attempted murder. Defendant's second insanity acquittal grew out of his stabbing four patients while he was committed to Florida State Mental Hospital.

fixed McKenley's criminal history category at IV. On this basis, the district judge sentenced McKenley to 51 months imprisonment and five years of supervised release.[2] This appeal followed. *See* 18 U.S.C. § 3742(d).

## II.

Courts may depart from the prescribed Guidelines sentencing range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.... " 18 U.S.C. § 3553(b). And in determining "whether a departure from the Guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law." United States Sentencing Commission, *Guidelines Manual*, § 1B1.4 (Nov. 1989)[3]; *see also* 18 U.S.C. § 3661.

This sensible general principle finds explicit expression in the context of the Guidelines' criminal history calculation. Thus, the *Guidelines Manual* Policy Statement at § 4A1.3 provides that

[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may ... [depart] from the otherwise applicable guideline range.

The policy statement goes on to elucidate the scope of "reliable information" by giving a broad, noninclusive range of examples, including "prior similar adult criminal conduct *not resulting in a criminal conviction.*" *Id.* (emphasis added). Given this

guidance, the question is whether the acquittals by reason of insanity may be aggravating circumstances "not adequately taken into consideration" by the Guidelines and whether such acquittals may be considered in determining whether the criminal history category adequately reflects the seriousness of defendant's past criminal conduct.

## III.

■ It is undisputed that the *Guidelines Manual* nowhere mentions or takes into account acquittals by reason of insanity. Equally beyond dispute is the significance of acquittal by reason of insanity. As the Supreme Court stated in *Jones v. United States*, 463 U.S. 354, 363, 103 S.Ct. 3043, 3049, 77 L.Ed.2d 694 (1982):

A verdict of not guilty by reason of insanity establishes two facts: (i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness.

Significantly, the Court when on to observe that "[t]he fact that a person has been found, beyond a reasonable doubt, to have committed a criminal act certainly indicates dangerousness." *Id.* at 364, 103 S.Ct. at 3049.

From these observations, it plainly follows, and we so hold, that an acquittal by reason of insanity is reliable information that a district court may consider in assessing whether a defendant's criminal history category, as computed under the Guidelines, adequately reflects a defendant's past criminal conduct or his potential for future criminal behavior. This conclusion is entirely consistent with authority from other circuits approving a sentencing court's consideration of reliable information of unconvicted criminal conduct.[4] It is

**2.** McKenley's common-law wife and co-defendant was also sentenced to 51 months imprisonment on the basis of a total offense level of 22 and a criminal history category I.

**3.** Two reasons are cited by the Commission for its decision not to limit the kinds of factors that can furnish grounds for departure. First, the Commission recognized the difficulty of capturing within a single set of guidelines "the vast range of human conduct potentially relevant to

a sentencing decision." *Guidelines Manual,* Chap. 1, Part A, Introduction 4(b). Second, the Commission expressed its view that courts would not often depart from the Guidelines. *Id.*

**4.** *See United States v. Miller,* 874 F.2d 466, 469 (7th Cir.1989) ("[w]e anticipate that it will become the usual practice to include in presentence reports sufficient detail about prior criminal conduct, including that not resulting in conviction, in order to assist the court in determin-

also consistent with prior law in this Circuit permitting a sentencing court to consider reliable evidence relating to counts on which defendant was acquitted. *See United States v. Bernard,* 757 F.2d 1439 (4th Cir.1985).

The eminent good sense of this principle is vividly illustrated by its application to the instant case. Using only the Guidelines, the defendant's criminal history calculation yields zero points, thereby placing defendant in category I. This category is intended for those defendants with essentially no history of criminal or violent behavior. Thus, were the sentencing court required to ignore defendant's past unconvicted criminal conduct, the result under the Guidelines would be that this defendant, who shot and killed his common-law wife and wounded two other individuals, who assaulted police officers and who stabbed four fellow asylum patients, would receive a sentence in the same range as a defendant with no record of criminal or violent conduct. Such a result would be manifestly inappropriate.[5] It can be avoided sensibly by allowing sentencing courts, as we do here, to consider and take into account reliable information concerning a defendant's past unconvicted criminal conduct or violent behavior. In this case, the defendant's past unconvicted conduct, in the words of the *Jones* Court, "certainly indicates dangerousness." *Jones,* 463 U.S. at 364, 103 S.Ct. at 3049. Only by taking such conduct into account can a sentencing court fix a sentence that appropriately accommodates the Guidelines' goal of protecting society by incapacitating criminals.

ing 'the variations in the seriousness of criminal history that may occur.' ") (citations omitted); *United States v. Roberson,* 872 F.2d 597 (5th Cir.1989) (in addition to considering defendant's prior convictions, the district court in enhancing defendant's criminal history category properly considered that defendant had never successfully completed a period of parole or probation); *United States v. Deluna–Trujillo,* 868 F.2d 122, 124 (4th Cir.1989) (" '[p]rior similar adult criminal conduct' may indicate the seriousness of the past crimes and the likelihood of future crimes whether or not it has resulted in conviction.") (brackets in original); *United States v. Swirzewski,* No. 87–8601 (D.Vt. July 26, 1988) (statement of reasons for sentence) ("there is a history of thefts ... not resulting in convictions

*Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 655–56, 102 L.Ed.2d 714 (1989).

And it is unpersuasive to argue, as defendant does here, that allowing sentencing courts to consider acquittals by reason of insanity results in punishing defendants impermissibly for conduct they have been found not responsible for under the law. Such a result, defendant argues, is contrary to the rationale of insanity acquittals. The argument's flaw is that defendant's sentence in this case is not punishment for his past unconvicted conduct; it punishes defendant for the drug trafficking conviction. The past unconvicted conduct is considered for the limited purpose of ensuring that the sentence adequately takes account of defendant's "dangerousness," his propensity for future violent and criminal conduct. This has always been a sensible and permissible sentencing consideration. *See* 18 U.S.C. § 3553 (the Sentencing Reform Act of 1982); *Guidelines Manual,* Chap. 1, Part A; *Mistretta v. United States,* 488 U.S. at ——, 109 S.Ct. at 656.

## IV.

Defendant also attacks his sentence by contending that the sentencing judge departed upwards for the purpose of imposing the same sentence on both defendant and his co-defendant. The district judge, it is true, was of the view that it would have been unjust for defendant to receive a lesser sentence than his codefendant, a result the Guidelines would require

and sentences. Therefore, the court finds that [the criminal history category] significantly under-represents the seriousness of [defendant's] criminal history and the likelihood that he will commit further crimes. Criminal History V more adequately represents this defendant's past course of conduct.").

5. Worth noting is the Guidelines result had the insanity acquittals been treated as convictions. In that event, defendant would have been treated as a career offender under Guidelines § 4B1.1; his total offense level would have been 34 and the corresponding sentencing range, 262 to 327 months.

absent a departure.[6] It is also true that it would have been error for the district judge to depart upwards for this reason. By itself, it is not a valid ground for departure. The fact is, however, the district judge explicitly did not depart upwards for the purpose of imposing the same sentence on both defendants. In his words,

> I'm not going to make a decision here based upon what I do to a co-defendant. I'm going to give him a sentence that I think he should have.

The district judge went on to explain that the upward departure was appropriate and in the public interest because defendant's criminal history category, as prescribed by the Guidelines, did not accurately reflect defendant's "past history of violent criminal behavior." His explanation for the departure satisfies the requirement of 18 U.S.C. § 3553(c)(2) that the court state a specific reason for imposing a sentence outside the Guidelines range.

In sum, we conclude that the district court correctly applied the Guidelines and imposed a lawful sentence on defendant. 18 U.S.C. § 3742(f)(3).

AFFIRMED.

6. In this regard, the district judge stated,
   Well, as I said earlier, I doubt that I could, in my own conscience, live with giving her more than I would give him. If I were going to make a departure, I would want to depart sufficiently that his sentence would be the same as hers.