991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Allen MERKLE, Defendant-Appellant.
 No. 92-5196.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 8, 1992
Decided: April 22, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-91-408-A)
 Drewry B. Hutcheson, Jr., Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Kathy M. Clark, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Steven Allen Merkle appeals from an order of the district court granting an upward departure in sentencing Merkle. Because we find no abuse of discretion by the district court, we affirm.
 
 
 2
 Merkle was convicted, after a jury trial, of conspiracy to commit bank fraud and two substantive counts of bank fraud. Counsel was appointed for Merkle, but he expressed his desire to proceed pro se at arraignment, and counsel was relieved. The district court then appointed "stand by" counsel, who consulted with and assisted Merkle throughout trial, sentencing, and on appeal.
 
 
 3
 Merkle's presentence report recommended a twenty-point criminal history score (Category VI) with a resultant guideline sentence range of thirty-seven to forty-six months. United States Sentencing Commission, Guidelines Manual, § 2F1.1 (Nov. 1991). Prior to sentencing, the government filed a timely notice of intent to seek an upward departure, asserting that the guideline range for a Category VI criminal history inadequately represented Merkle's past criminal conduct. Merkle opposed the motion, claiming that the guideline range was sufficient.
 
 
 4
 At sentencing, the district court found that Merkle's criminal history category did not accurately reflect his actual criminal history, and granted an upward departure. The district court sentenced Merkle to fifty-seven months imprisonment, three years supervised release, and a $50 assessment for each count. The district court entered written findings and reasons for its upward departure in accordance with 18 U.S.C.A. § 3553 (West 1985 & Supp. 1992).
 
 
 5
 Merkle alleged that the district court erred in granting an upward departure in his sentence. We review a departure from the Sentencing Guidelines under a multi-part test for reasonableness. United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3702 (U.S. 1991); United States v. Summers, 893 F.2d 63 (4th Cir. 1990). First, we examine de novo the reasons cited by the district court in support of the sentence outside the Guidelines range to determine whether those reasons encompass factors"not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." Hummer, 916 F.2d at 192 (quoting 18 U.S.C.A. § 3553(b)).
 
 
 6
 A factual determination by the district court that such a factor exists is then reviewed under the clearly erroneous standard. Id. The Court then reviews whether the factors warrant a departure, and the extent of departure, under an abuse of discretion standard. Id.; see also United States v. Rusher, 966 F.2d 868 (4th Cir. 1992). A review of the record in this case reveals that the district court did not err by granting an upward departure.
 
 
 7
 The Sentencing Guidelines provide that there may be cases in which even the guidelines range for a Category VI criminal history under-represents either the likelihood of recidivism or the seriousness of the defendant's past criminal conduct. United States Sentencing Commission, Guidelines Manual, § 4A1.3 (Nov. 1991). At sentencing, the district court found that Merkle's criminal history category failed to adequately reflect his extensive past criminal history, which included three prior convictions for possession of stolen mail, two prior convictions for forgery, and two prior convictions for theft. Merkle's criminal records also showed convictions for assault and battery, disorderly conduct, possession of counterfeit operators' licenses, receiving stolen goods, carrying a concealed weapon, interstate transportation of a stolen motor vehicle, and possession of heroin. The district court's determination that Merkle's previous criminal conduct was not adequately taken into consideration by the Sentencing Commission was not clearly erroneous.
 
 
 8
 We have held that an upward departure is reasonable where the defendant's criminal history category does not adequately reflect his past criminal conduct. United States v. Hines, 943 F.2d 348 (4th Cir.), cert. denied, 60 U.S.L.W. 3405 (U.S. 1991); United States v. Terry, 916 F.2d 157 (4th Cir. 1990); United States v. McKenley, 895 F.2d 184 (4th Cir. 1990). Based on Merkle's extensive criminal history, including numerous convictions for possession of stolen mail, forgery, and theft, the district court reasonably found that the Category VI rating understated Merkle's past criminal history and likelihood of recidivism, and that an upward departure was appropriate. See, e.g., United States v. Osborne, 948 F.2d 210 (6th Cir. 1991) (finding upward departure from thirty-three to fifty-seven months warranted for defendant with twenty-four point criminal history determination).
 
 
 9
 The district court found that the proper range would be from fortysix to fifty-seven months based on Merkle's extensive criminal record. We do not find that the district court abused its discretion in sentencing Merkle to the maximum period within that range. Accordingly, we affirm the decision of the district court.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Merkle also claimed that he was not able to adequately prepare for trial because prison officials lost some of his legal materials and because he was transferred several times. We note that Merkle had court appointed standby counsel, so the government satisfied its Sixth Amendment obligation to provide assistance of counsel. United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir. 1978). However, Merkle's claims regarding transfers and loss of legal materials would be more properly addressed in a motion under 28 U.S.C. § 2255 (1988)