*-339
 
 KANNE, Circuit Judge.
 

 In 1985, Milford Eugene Slader was found guilty by a jury of committing first-degree murder under 18 U.S.C. § 1111 and received a life sentence. In 1994, Slader applied for parole consideration and was given an initial parole hearing at which he was represented by the Legal Assistance to Institutionalized Persons Project (“LAIP”) of the University of Wisconsin Law School. The hearing examiner recommended that Slader should not be given parole at that time and should receive a reconsideration hearing in fifteen years. The Parole Commission’s North Central Regional Office concurred with that decision and on October 11, 1994, issued a notice of action informing Slader of the decision. The National Appeals Board denied Slader’s appeal and issued a notice of action affirming the Commission’s decision.
 

 Slader, with the assistance of LAIP representatives, filed a petition for a writ of ha-beas corpus pursuant to 28 U.S.C. § 2241, alleging that the United States Parole Commission violated his due process rights by failing to consider all relevant information concerning his parole; specifically his salient factor score, institutional adjustment, parole planning, and documented information concerning mitigating circumstances. Additionally, Slader asserted that his due process rights were violated when the Commission failed to disclose the information upon which it relied in reaching its decision to continue Slader to a fifteen-year reconsideration hearing. The district court found that the Commission did consider Slader’s salient factor score, institutional adjustment, parole planning, and mitigating circumstances, and that the Commission acted within its discretion and did not violate the Constitution or federal law when it deferred to the jury’s finding of premeditation. The district court also held that, although the Commission’s statement denying parole did not address all the information before the Commission, the statement was sufficient because it specified the aggravating factor that led to the Commission’s decision. Additionally, the district court found that the Commission’s use of the term “cold blooded murder” was merely a different use of terminology to refer to the jury’s finding of premeditation.
 

 Slader appeals the district court’s judgment and alleges that the United States Parole Commission did not follow its own regulations. Slader asserts that even though the Parole Commission received evidence of mitigating circumstances from Slader, they did not actually consider this evidence as required by 18 U.S.C. §§ 4206-4207 and 28 C.F.R. § 2.19. Slader also argues that the Parole Commission failed to resolve his dispute with the facts, as required by 28 C.F.R. § 2.19. Slader contends that the Parole Commission “erroneously found that the jury verdict controlled the resolution of the factual dispute presented by Mr. Slader,” because he presented information that the jury did not hear. (Appellant’s Br. at 18). Slader further alleges that the Commission’s characterization of his premeditated murder as being in “cold blood” was not supported by law. We affirm the judgment of the district court because “there is a rational basis in the record for the Commission’s conclusions embodied in its statement of reasons.”
 
 Solomon v. Elsea,
 
 676 F.2d 282, 290 (7th Cir. 1982).
 

 Factual Background
 

 On April 20, 1985, Slader fatally shot his wife in the head twice outside their home. On the day of the murder, Slader and his wife had been quarreling over their son Jared, while driving and drinking with several other people in the morning. When they returned to their home community in Thunder Butte, South Dakota, Slader obtained a .22 caliber rifle from his mother’s home and then walked away from his own home into a field. His wife pursued after him carrying their son and a knife in her back pocket. (R. 2B, 14-16). She put down her son and shouted “shoot me, shoot me,” at which time Slader shot his wife twice in the back of the head and then shot himself in the stomach.
 
 (Id.
 
 at 15-16).
 

 At his trial Slader testified that he was in a blackout state at the time of the killing and could not remember anything regarding the shooting. Slader now contends that he was not actually in a blackout state and only testified in this manner due to instructions
 
 *-338
 
 from his counsel. (Appellant’s Br. at 10 n. 7; R. 2, Ex. 2A at 5-6). The only mitigating circumstance presented to the jury was that of intoxication.
 

 At the initial parole hearing on September 19, 1994, Slader and his LAIP representatives argued that he was eligible for parole because of mitigating circumstances. They submitted supporting documentation
 
 [2]
 
 of the mitigating circumstances by letter to the Parole Commission’s North Central Regional Office. The additional mitigating circumstances were that at the time of the murder Slader was in a confused mental state caused by the combination of ingesting his diabetes medication and alcohol, and his fear of violence from his wife. In support of this theory Slader submitted that he was diagnosed as diabetic in the year preceding the murder and prescribed Diabenese, an oral medication that stimulates the production of insulin in the pancreas. Five weeks prior to the murder, Slader’s doctors ordered that his dosage of Diabenese be doubled from 250 to 500 mg. One week after this increase Slader passed out and was hospitalized for three days. He was diagnosed as suffering from “intoxication complicated by possible Diabenese overdose.” (R. 2, Ex. 2B at 12; Appellant’s Br. at 20). Diabenese, as well as alcohol and fasting, can cause hypoglycemia, a lowering of the blood sugar. (R. 2, Ex. 2C, 11516). Hypoglycemia can cause confusion, blackouts, nervousness, and anxiousness.
 
 (Id.
 
 at 115-17). On the day of the murder Slader had taken his prescribed dosage of Diabenese, consumed alcohol, smoked marijuana, and not eaten anything.
 
 (Id.
 
 at 56-57,115-16).
 

 Slader submitted evidence that his mental confusion was further exacerbated by his fear of violence from his wife based on her prior history. Slader’s wife allegedly had informed him that she was involved in the violent deaths of her sister, first husband, and her two children from her first marriage. Slader states that her involvement in these deaths is corroborated by FBI investigations, however the only evidence that the FBI has which links his wife to the deaths are letters which Slader wrote. (R. 2, Ex. 6 at 3; Appellant’s Br. at 20-21, 21 n. 10; R. 2, Ex. 2B at 17-52). Slader sent these letters while he was in prison for murdering his wife and they state that on the day that he killed her she informed him of her role in the deaths. (Appellant’s Br. at 20-21, 21 n. 10; R. 2, Ex. 2B at 17-52). Slader also alleges that in 1983 his wife attacked him with a knife causing him to be hospitalized and that she had repeatedly threatened to kill herself and their son, Jared. (R. 2, Ex. 2B at 5, 3). This combination of mitigating circumstances was not presented at Slader’s trial. Slader alleges that these factors indicate that he killed his wife in the “heat of passion,” as opposed to in “cold blood.” (Appellant’s Br. at 8-9).
 

 Standard of Review
 

 “The accepted standard of review of parole determinations is whether the decision constitutes an abuse of discretion.”
 
 Solomon,
 
 676 F.2d at 290. In
 
 Solomon
 
 we held that
 

 A court of review need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for its reasons. The inquiry is not whether the Commission’s decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission’s conclusions embodied in its statement of reasons.
 

 Id;
 
 see
 
 Walrath v. Getty,
 
 71 F.3d 679, 684 (7th Cir.1995);
 
 Zannino v. Arnold
 
 531 F.2d 687, 691 (3d Cir.1976).
 

 Consideration of Mitigating Circumstances
 

 Slader argues that the Parole Commission failed to consider the submitted evidence of mitigating circumstances in reaching its decision to deny him parole. Slader acknowledges that the Commission had the documentary evidence in its possession, but asserts that the Commission was required to consider the evidence and that the record demonstrates that neither Hearing Examiner Sam
 
 *-337
 
 Robertson, the Regional Commissioner, nor the National Appeals Board ever considered the mitigating circumstances in violation of 18 U.S.C. §§ 4206-4207 and 28 C.F.R. § 2.19.
 

 The Appellee, however, argues that the information was considered and that Slader is challenging the weight that was given to the information. Appellee states that.the Parole Commission properly determined that the information lacked relevance and that the Commission properly acted within the discretion provided in 18 U.S.C. § 4207. Additionally, the Appellee argues that no due process violation occurred when the Parole Commission relied on a jury’s verdict that concluded Slader committed premeditated murder.
 

 18 U.S.C. § 4207
 
 [3]
 
 and 28 C.F.R. § 2.19
 
 [4]
 
 list the information that the Parole Commission should consider if relevant for determining parole release. Section 4206
 
 [5]
 
 states the criteria for parole determinations.
 

 
 *-336
 
 At Slader’s initial parole hearing on September 19, 1994, Hearing Examiner Robertson allowed Slader’s .representatives to outline the mitigating circumstances even though they did not provide documentation of this evidence at the hearing. (Appellant’s Br., App. 3 at 4). Robertson informed Slader that he was not taking into consideration the undocumented evidence in making his recommendation, but informed Slader that evidence of mitigating circumstances could be submitted.
 
 (Id.
 
 at 11-12). Robertson also stated that once the mitigating circumstances were submitted the Commission could consider them as part of the hearing, or if the hearing was already processed, the Commission would consider reopening the case and scheduling a reconsideration hearing.
 
 (Id.
 
 at 4-6, 11-12; R. 2, Ex. 6). Slader mistakenly asserts that “Robertson promised that this evidence would be considered before the Regional Commissioner decided whether to adopt Mr. Robertson’s recommendation of a fifteen-year reconsideration hearing.” (Appellant’s Reply Br. at 3 (emphasis added);
 
 see
 
 also Appellant’s Br. at 7). The Parole Commission’s North Central Regional Office received documentation of the mitigating circumstances on September 26,1994.
 

 Robertson did not mention the mitigating' circumstances in his September 19,1994 Preliminary Assessment/Parole-Reparole Guideline Worksheet. The stated reason for the hearing examiner’s recommendation was, “your offense involved you with premeditation and in cold blood shooting your wife twice in the back of the head.” (R. 2, Ex. 5).
 

 The October 6, 1994 Initial Hearing Summary, written by Robertson, mentions the mitigating circumstances of mixing alcohol with diabetes medication and the alleged violent history of Slader’s wife. (R. 2, Ex. 7 at 1). The summary also states that evidence of these mitigating circumstances had previously been submitted in a post-conviction motion, which the Commission had before it in Slader’s administrative record.
 
 (Id).
 
 The summary additionally states that, “[t]he panel also considered the ... arguments provided by the subject’s representative. The issue, however, in the mind of this examiner panel remains accountability.”
 
 (Id.
 
 at 2). Slader alleges that Robertson did not consider the mitigating circumstances when he wrote the Initial Hearing Summary, because it states that “the Commission could expect to get some information,” from Slader’s representatives regarding mitigating circumstances. This assertion is unsupported as the summary makes several references to the mitigating circumstances and states the location of the supporting documentation.
 

 The notice of action that the Commission issued on October 11, 1994, also shows that the Commission performed the requisite review of the information. The notice states that
 
 “[ajfter review of all relevant factors and information ‘presented,
 
 a decision more than 48 months above the minimum' guidelines is warranted because your offense involved you with premeditation and in cold blood shooting your wife twice in the back of the hear [sic].”
 
 [6]
 
 (R. 2, Ex. 9 (emphasis
 
 *-335
 
 added)). Slader asserts that the notice of action adopted verbatim the language of the hearing examiner’s Worksheet, and therefore the Commission must not have considered the mitigating circumstances. This is incorrect because in addition to the notice quoting from the worksheet the pertinent factor of “premeditation and in cold blood”, which the Commission relied upon in denying parole, the notice also states that all relevant factors were reviewed.
 

 The Commission is neither required to state every factor upon which it relied in reaching its decision nor is it required to state that it reviewed any particular type of documentation. The legislative history to 18 U.S.C. § 4207 states:
 

 It would not be practical or desirable for the Commission to make a record of the relevance or weight accorded to each piece of information before it. This section in combination with the requirement for reasons for denial of parole under subsection (b) of section 4206 or the requirement for reasons “including a summary of the information relied upon” under subsection (c) of section 4206 should not be construed as requiring the Commission to make a written evaluation of every piece of information considered.
 

 H.R. Conf. Rep. No. 94-838, at 28 (1976), reprinted in 1976 U.S.C.C.A.N. 351, 360.
 

 Slader appealed the Commission’s decision to the National Appeals Board, which affirmed the decision and stated that:
 

 In response to your plea for a more lenient decision, you provide no significant mitigating circumstances sufficient to merit a different decision.
 

 In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates the contrary. In response to your claim that the Commission violated 18 U.S.C. § 4207, that statute requires consideration of all relevant evidence. A parole hearing is not a forum to relitigate your offense of conviction, and your conviction of first degree murder establishes as the law of your case that the murder was premeditated. 18 U.S.C. § 1111. Accordingly, your documentation that the offense was committed ■in a “heat of passion” is irrelevant. The judicial finding of premeditation (i.e., cold blood) excludes the possibility of your “heat of passion” claim. Likewise your “mitigating circumstances,” which all assert diminished capacity in some regard, are precluded by your conviction. Accordingly, the Commission did not err in not giving these any weight.
 

 (R. 2, Ex. 11). Slader alleges that the statement that the Commission was “precluded” from giving weight to the alleged mitigating circumstances further indicates that the information was never considered.
 

 The weight to be accorded mitigating factors is clearly entrusted to the discretion of the Commission.
 
 Campbell v. U.S. Parole Comm’n,
 
 704 F.2d 106, 113 (3d Cir. 1983) (citing Solomon, 676 F.2d at 289-91). The legislative history of. § 4207 explicitly states that the weight that the Commission should give to information before it “is solely within the province of the (commission’s) broad discretion.” H.R. Conf. Rep. No. 94-838, at 28 (1976), reprinted in 1976 U.S.C.CA.N. 351, 360. Additionally, “the magnitude of an inmate’s individual crime may be considered the ‘good cause’ for which the Commission may deny parole notwithstanding the guidelines.”
 
 Solomon,
 
 676 F.2d at 287. Under 28 C.F.R. § 2.19(c) the Parole Commission is entitled to “defer to the trial jury.” “We must defer to an agency’s construction of its regulation except where compelling indications show that this interpretation is wrong.”
 
 Ray v. Brewer,
 
 808 F.2d 19, 21 (7th Cir.1986) (citing
 
 United Fire Ins. Co. v. C.I.R.,
 
 768 F.2d 164 (7th Cir.1985)).
 

 The Parole Commission explained that the pertinent factor in denying parole was that the jury found that Slader’s murder involved premeditation and cold blood. Additionally, Slader’s claim that the Commission never considered the submitted mitigating circumstances is not supported by the record. The National Appeals Board also explained that in light of the jury’s conclusion, the mitigating circumstances could be found to be worth little or no weight. As “there is a rational basis in the record for the Commission’s conclusions embodied in its statement of reasons,” Slader’s due process
 
 *-334
 
 rights were not violated by the Commission’s decision to deny him parole.
 
 Solomon,
 
 676 F.2d at 290; see
 
 Zannino v. Arnold,
 
 631 F.2d 687, 691 (3d Cir.1976).
 

 Alleged Failure to Resolve Factual Dispute
 

 Slader also argues that the Parole Commission failed to resolve Mr. Slader’s dispute with the facts as set forth in the presentence investigation report. Slader alleges that the Commission misapplied 28 C.F.R. § 2.19(e) by focusing on the statement that the “Commission shall defer to the trial jury.” Slader asserts that the Parole Commission failed to comply with the portion of § 2.19(c), which states, “[i]f the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard.” Slader states that since this alleged error involves interpretations of federal statutes it is entitled to de novo review, however “courts should generally defer to the interpretation of a regulation by the agency or officer charged with its administration.”
 
 Peabody Coal Co. v. Director, Office of Workers’ Compensation Programs,
 
 972 F.2d 178, 183 (7th Cir.1992); see also
 
 Liberatore v. Story,
 
 854 F.2d 830, 835 (6th Cir.1988) (holding that “the Parole Commission’s interpretation of its own regulation should be accorded deference by a reviewing court unless it is clearly erroneous or inconsistent with the regulation.”).
 

 Slader states that by submitting his evidence of mitigating circumstances, he placed into factual dispute the characterization of his crime as a
 
 premeditated and cold blooded
 
 murder. However, as previously stated the Parole Commission considered the mitigating circumstances but properly deferred to the jury’s conclusion that Slader had committed premeditated murder.. Additionally, Slader did make an incapacity argument at trial when he testified that he was intoxicated and the jury received pattern instructions from the court on intoxication. (R. 2, Ex. 2A at 12-14).
 

 Slader also disputes the Parole Commission’s use of the term “cold blooded” murder because he was only found guilty of premeditated murder at trial. It seems that Slader is arguing that the Commission overstated the severity of his crime by using the term “cold blooded murder.” However, it appears that the Commission was merely using both the terms “premeditated” and “cold blooded” as a redundant reference to the jury’s verdict that Slader was guilty of first-degree, premeditated murder. (R. 2, Ex. 11 (The National Appeals Board decision stated that, “[t]he judicial finding of premeditation (i.e., cold blood) excludes the possibility of your ‘heat of passion’ claim.”));
 
 see also Black’s Law Dictionary
 
 178 (abr. 6th ed. 1991) (defining cold blood as, “used in common parlance to designate a willful, deliberate, and
 
 premeditated
 
 homicide”) (emphasis added). In Slader’s brief he states that he does not “dispute the jmy finding of premeditation.” (Appellant’s Br. at 28). Further, the Commission’s interpretation of § 2.19(c) as allowing it to defer to the trial jury is not clearly erroneous or inconsistent with the regulation.
 
 Liberatore,
 
 854 F.2d at 835. Therefore, the district court properly dismissed this argument.
 

 For the reasons stated above we AffiRM the judgment of the district court.
 

 [2]
 

 .
 
 This documentation previously had been used to support Slader's second motion filed pursuant . to 28 U.S.C. § 2255 with the assistance of the LAIP. That motion was dismissed as an abuse of the writ. (Appellant's Br. at 10 n. 7; Appellee's Br. at 5).
 

 [3]
 

 . § 4207. Information considered
 

 In making a determination under this chapter (relating to release on parole) the Commission shall consider, if available and relevant:
 

 (1) reports and recommendations which the staff of the facility in which such prisoner is confined may make;
 

 (2) official reports of the prisoner’s prior criminal record, including a report or record of earlier probation and parole experiences;
 

 (3) presentence investigation reports;
 

 (4) recommendations regarding the prisoner’s parole made at the time of sentencing by the sentencing judge;
 

 (5) a statement, which may be presented orally or otherwise, by any victim of the offense for which the prisoner is imprisoned about the financial, social, psychological, and emotional harm done to, or loss suffered by such victim; and
 

 (5)1 reports of physical, mental, or psychiatric examination of the offender.
 

 There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available.
 

 !• So in original. Two paragraphs (5) have been enacted.
 

 [4]
 

 . § 2.19 Information considered.
 

 (a) In making a parole or reparole determination the Commission shall consider, if available and relevant:
 

 (1) Reports and recommendations which the staff of the facility in which such prisoner is confined may make;
 

 (2) Official reports of the prisoner’s prior criminal record, including a report or record of earlier probation and parole experiences;
 

 (3) Pre-sentence investigation reports;
 

 (4) Recommendations regarding the prisoner's parole made at the time of sentencing by the sentencing judge and prosecuting attorney;
 

 (5) Reports of physical, mental, or psychiatric examination of the offender; and
 

 (6) A statement, which may be presented orally or otherwise, by any victim of the offense for which the prisoner is imprisoned about the financial, social, psychological, and emotional harm done to, or loss suffered by such victim.
 

 (b)(1) There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available (18 U.S.C. 4207). The Commission encourages the submission of relevant information concerning an eligible prisoner by interested persons.
 

 (c) The Commission may take into account any substantial information available to it in establishing the prisoner’s offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such -dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability.
 

 In any other case, the Commission shall defer to the trial jury. Offense behavior in Category 5 or above shall presumptively support a finding under paragraph (c)(1) of this section.
 

 (d) Recommendations and information from sentencing judges, defense attorneys, prosecutors, and other interested parties are welcomed by the Commission. In evaluating a recommendation concerning parole, the Commission must consider the degree to which such recommendation provides the Commission with specific facts and reasoning relevant to the statutory criteria for parole (18 U.S.C. 4206) and the application of the Commission’s guidelines (including reasons for departure therefrom). Thus, to be most helpful, a recommendation should state its underlying factual basis and reasoning. However, no recommendation (including a prosecutorial recommendation pursuant to a plea agreement) may be considered as binding upon the Commission’s discretionary authority to grant or deny parole.
 

 [5]
 

 .§ 4206. Parole determination criteria
 

 (a) If an eligible prisoner has substantiaEy observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
 

 
 *-336
 
 (1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and
 

 (2) that release would not jeopardize the public welfare;
 

 subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner'shall be released.
 

 (b) ... If parole is denied ... [written] notice shall state with particularity the reasons for such denial.
 

 (c) The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing:
 
 Provided,
 
 That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summaiy of the information relied upon.
 

 (emphasis in original).
 

 [6]
 

 . As Slacler was convicted of a category eight severity offense and had a salient factor score of ten, his guideline range for parole is 100 + months. 28 C.F.R. § 2.20(j). "For Category Eight, no upper limits are specified due to the extreme variability of the cases within this category. For decisions exceeding the lower limit of the applicable guideline category by more than 48 months the Commission will specify the pertinent case factors upon which it relied in reaching its decision, which may include the absence of any factors mitigating the offense.”
 
 Id.
 
 at n. 1. Accordingly, the Commission stated that its reason for exceeding the lower limit by more than 48 months was that Slader had committed premeditated murder and shot his wife in cold blood.