**Carl ROBINSON, Petitioner–Appellant,**

v.

**B.G. COMPTON, Warden, Respondent–Appellee.**

**No. 02–1338.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002 *.

Decided Sept. 23, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

## Order

After the Parole Commission revoked his release and returned him to prison, Carl Robinson sought a writ of habeas corpus under 28 U.S.C. § 2241. The district court denied the petition—rightly so.

The conviction in question dates from 1973, when Robinson was sentenced to 36 years' imprisonment for assault with intent to kill. (He shot three airmen during an attempted robbery.) Released in 1983, Robinson was back in federal prison in 1987: the Parole Commission revoked his parole after Robinson assaulted and robbed his girlfriend. Paroled a second time in 1990, Robinson again failed to go straight. When an officer in Missouri stopped him for speeding, Robinson pulled a hunting knife in an effort to avoid apprehension. The effort failed, and a search of his car revealed a stolen firearm, a double no-no (stealing a firearm is bad for anyone, but even *possessing* a firearm is forbidden to a convicted felon). Both state and federal governments prosecuted Robinson for these crimes; the Parole Commission also issued a violator warrant but withheld execution while Robinson remained incarcerated in the latest offenses.

When the intervening sentences expired in 1999, the Parole Commission took custody of Robinson and revoked his parole yet again. The hearing examiner recommended that the revolving door be closed and that Robinson be held to the expiration of his original 36–year sentence. A Commissioner agreed, explaining that, even though the parole guidelines contemplate a third release in 64 to 78 months, see 28 C.F.R. § 2.20, Robinson's lifelong pattern of violence and weapons use—including a murder and robbery in 1966, when he was a juvenile—show that he is a risk to the public so that the need for incapacitation justifies his confinement. Robinson appealed to the National Appeals Board (which is to say, all of the Commissioners), which sustained the decision holding Robinson to the expiration of his sentence.

■ In the ensuing collateral attack, Robinson contended that the Commission misunderstood what had occurred in 1966. He made three additional objections as well. None of the three had been presented within the Commission's decision-making structure (hearing examiner to Commissioner to National Appeals Board), which raises the question whether the petition should have been dismissed under the holding of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that even one non-exhausted issue in a collateral attack on a criminal judgment requires the entire proceeding to be dismissed. (It may be refiled after the claims have been exhausted.) But it is not necessary to decide whether the principle of *Rose* applies to decisions of the Parole Commission, because Robinson has no remaining remedies. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), treats failure to raise an issue in a judicial hierarchy as a forfeiture that ends any opportunity to present it on collateral review, and we have applied that holding to administrative as well as judicial processes. See, e.g., *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir.2002). Neither Robinson nor the Commission gives us any reason to think that the Commission would today entertain an argument that Robinson could have raised earlier, but did not present. Thus there are no more available steps to exhaust, and *Rose* does not require the petition's dismissal; but this also means that the three new contentions have been forfeited and that the *only* issue properly presented for decision is whether the Commission violated the Constitution by relying on what it believed Robinson had done in 1966.

Robinson proceeds as if the due process clause guaranteed that all decisions will be based on the best information; and, because he believes that the Commission's latest decision rests on a misapprehension, he contends that the due process clause entitles him to relitigate the point in district court. That is not so. What the due process clause provides is notice and an *opportunity* for a fair hearing, not that all governmental decisions will be substantively correct. See, e.g., *United States ex rel. Villa v. Fairman,* 810 F.2d 715 (7th Cir. 1987). Robinson received notice and had an opportunity to test the evidence on which the Commission relied and to present evidence favorable to his version of events—had that opportunity at least twice, not only before the Commission but also during the sentencing in 1973. The Commission relied principally on the description of the 1966 events contained in the presentence report written in 1973. Robinson could have challenged that report at the time and obtained a ruling from the district court whether the description of the 1966 offense was correct. See Fed. R.Crim.P. 32(c)(1). Either the district judge's resolution of such a protest or the defendant's failure to make one justifies reliance by the Parole Commission on the presentence report. See *Slader v. Pitzer,* 107 F.3d 1243, 1247 n. 4; *Solomon v. Elsea,* 676 F.2d 282, 288 (7th Cir.1982); 28 C.F.R. § 2.19(a)(3).

Rule 32(c)(1) permits a district judge to leave unresolved an objection to part of the presentence report after finding that the disputed material does not affect the sentence. Such a finding must be included with the report and if made would require the Parole Commission to render an independent decision rather than rely on the presentence report. But no such finding accompanies Robinson's presentence report—whether because no objection was made in 1973, or because one was made and resolved adversely to Robinson, we do not know. But it does not matter whether Robinson litigated and lost this issue in 1973 or stood silent when he had an opportunity. In either case the matter has been conclusively resolved against him, so the Parole Commission was entitled to rely on the 1973 presentence report.

AFFIRMED