**Charles E. TINSLEY, Petitioner–Appellant,**

v.

**Keith E. OLSON, Warden, Respondent–Appellee.**

No. 03–3861.

United States Court of Appeals, Seventh Circuit.

Submitted July 29, 2004.*

Decided July 30, 2004.

Charles E. Tinsley, Terre Haute, IN, pro se.

Gerald A. Coraz, Office of the United States Attorney, Indianapolis, IN, for Respondent–Appellee.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

### ORDER

In 1964, at the age of fourteen, Charles Tinsley killed a classmate in the District of Columbia. He was charged with first degree murder, but was acquitted by reason of insanity and committed to a mental hospital. He was released seven years later, but he soon killed again. This time he was convicted of voluntary manslaughter and received an indeterminate prison sentence of 13 to 39 years. He obtained parole in 1987, but within a few years it was revoked after he attacked a man with a hammer in the course of a carjacking. He was convicted of assault with a dangerous weapon, armed robbery, unauthorized use of a vehicle, and receiving stolen property, for which he received another indeterminate sentence of 11 years to life.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Mr. Tinsley was considered for parole in 2002. Using its parole guidelines for D.C.Code offenders, 28 C.F.R. § 2.80, the United States Parole Commission (which has assumed the parole functions of the D.C. Board of Parole, see D.C.Code § 24–131; *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1236–37 (D.C.Cir. 2004)) calculated a "grid score" of 1, indicating that parole should be granted. The Commission also ordered a mental health evaluation, which concluded that "it is not possible to predict with certainty [whether] Mr. Tinsley will be violent in the future." The Commission consequently decided that the grid score did not reflect the potential danger Mr. Tinsley represented to the community:

> [Y]ou killed a classmate at age 14 resulting in your commitment in St. Elizabeth's Hospital until age 21. Then, at age 27, you killed another individual resulting in a new sentence for Voluntary Manslaughter. Within two years of your release ... on parole, you committed the instant offense that involved the assault of an unsuspecting victim with a weapon (hammer) in an attempt to rob the victim of his vehicle. Neither the guideline to parole nor the rehearing range appropriately capture your history of committing violent acts including those that result in the death of the victim.

The Commission therefore denied parole and scheduled the next rehearing in sixty months.

Mr. Tinsley then petitioned the district court for a writ of habeas corpus, and now appeals the denial of that petition. He argues that the Commission erred in its estimate of the threat he poses; that it improperly departed from the guideline recommendation based on his past convictions, which were already accounted for in his grid score; and that it should not have considered the juvenile offense of which he was acquitted by reason of insanity.

Our review of these issues is limited. The Commission has wide discretion to grant or deny parole, and federal courts will grant habeas corpus relief only where no rational basis exists in the record for the Commission's conclusion. See *Slader v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997); *Walrath v. Getty*, 71 F.3d 679, 684 (7th Cir.1995). "The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir.1982) (per curiam).

By this standard, habeas corpus relief was properly denied. Although Mr. Tinsley's juvenile insanity acquittal means that he is "actually innocent" of the offense, see *Britz v. Cowan*, 192 F.3d 1101, 1103 (7th Cir.1999), the Commission could nevertheless reasonably consider it as part of a pattern of mental instability and violence suggesting an increased danger to the community. See *Dunn v. United States Parole Comm'n*, 818 F.2d 742, 745 (10th Cir.1987); cf. *United States v. McKenley*, 895 F.2d 184, 186 (4th Cir.1990) (insanity acquittals may be considered in sentencing); *Steinberg v. Police Court of Albany, N.Y.*, 610 F.2d 449, 453 (6th Cir.1979) (insanity acquittals may be considered in parole revocation). And although the number of Mr. Tinsley's past offenses was accounted for in his grid score, "the Commission may weigh the particular nature of an offense as an aggravating factor even if the offense itself was accounted for in setting the guideline range." *Thomas v. Brennan*, 961 F.2d 612, 620 (7th Cir.1992). The Commission also had a mental health evaluation to rely on, which called into question the likelihood that Mr. Tinsley would refrain from violence upon release.

The Commission's decision to deny parole was not irrational.

AFFIRMED.