**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2005[*]
Decided April 6, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3386

| | |
|---|---|
| VALENTIN N. LYCHANKO, *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois |
| v. | No. 01-792-GPM |
| RANDY DAVIS, *Respondent-Appellee.* | G. Patrick Murphy, *Chief Judge.* |

**O R D E R**

Valentin Lychanko filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a 1994 decision of the United States Parole Commission setting his presumptive parole date at 240 months after his commitment to custody. The district court denied the petition. On appeal Lychanko argues that the Commission impermissibly applied the parole rescission guidelines in determining his presumptive parole date, and asks that the date be advanced 32 months. We affirm.

In 1985 Lychanko was sentenced to 35 years' imprisonment in the United States District Court for the District of Nevada after being convicted of bank

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

robbery, armed bank robbery, escape, and attempted escape. In 1987, he was convicted in the Central District of California for conspiracy to escape, and the court imposed a four-year sentence to be served consecutively with his existing sentence. In October 1994, in anticipation of his eligibility for parole in January 1995, the Commission held an initial parole hearing for Lychanko. The Commission denied parole and set a presumptive parole date of February 6, 2005—240 months from date of Lychanko's commitment. First, the Commission assigned a range of 60 to 72 months for the robberies, based on Lychanko's salient factor score of one and the Category Five severity rating assigned to robbery. *See* 28 C.F.R. § 2.36, ch. 3, subch. C, ¶ 321(a). Then the Commission added an additional 8 to 16 months for each of four attempted escapes and one successful escape (apparently counting the escape and attempt that yielded his 1985 convictions plus three attempts that occurred after Lychanko began serving his sentence). Rather than assigning a guideline range for these offenses based on the severity ratings in 28 C.F.R. § 2.20, the Commission consulted the rescission guideline at 28 C.F.R. § 2.36(a)(2)(i)(A) to ascertain the correct penalty. The Commission determined that the total applicable range for the robberies and the escapes was 100 to 152 months, and it then departed upward because Lychanko was "a more serious risk than indicated by [his] salient factor score."

After exhausting his administrative remedies, Lychancko filed a petition for habeas corpus in December 2001. He challenged the Commission's calculation of his presumptive parole date on several grounds, including the application of the rescission guideline to the escape and the attempted escape for which he was convicted in 1985. Lychanko argued that the rescission guideline in effect in 1994 could be used only to rate conduct occurring in prison, not the conduct for which the term of imprisonment was imposed. A magistrate judge issued a Report and Recommendation addressing all of Lychanko's challenges and recommending that his petition be denied. The magistrate judge concluded that the Commission's application of the rescission guideline was permissible, reasoning that the parole guidelines "in effect adopt the Rescission Guidelines relative to escape, without consideration as to whether or not they would otherwise be applicable." Lychanko filed timely objections to the report. The district judge adopted the Report and Recommendation and dismissed Lychancko's petition with prejudice.

On appeal Lychanko argues anew that in 1994 the Commission impermissibly used the rescission guideline then in effect in calculating his presumptive parole date, because his escape and one of his attempted escapes occurred before his sentence commenced. Our review is limited because the Commission has wide discretion over parole decisions. *Slader v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997). We will grant habeas corpus relief only when there is no rational basis for the Commission's action. *Id.*; *Solomon v. Elsea*, 676 F.3d 282, 290 (7th Cir. 1982).

In determining a prisoner's parole date, the Commission uses guidelines that are based on the characteristics of both the offense and the offender. *Schiselman v. United States Parole Comm'n,* 858 F.2d 1232, 1243 (7th Cir. 1988). Offenses receive a severity rating, Category One to Category Eight, and offenders receive a "salient factor score." These two ratings are used to determine a guideline range—a suggested period of incarceration prior to parole. If, however, a prisoner violates disciplinary rules or engages in criminal conduct, the rescission guidelines set forth at 28 C.F.R. § 2.36 provide for additional time to be added to the prisoner's period of incarceration. The severity ratings for a wide range of offenses are listed at 28 C.F.R. § 2.20. That regulation instructs the Commission to grade an escape as Category Three unless it was "in connection with another offense for which a severity rating can be assessed." 28 C.F.R. § 2.20, Ch. 6., subch. B, ¶ 616. In that instance, the Commission is instructed to "grade the underlying offense and apply the rescission guidelines to determine an additional penalty." *Id.* The rescission guideline in turn prescribes an additional 8 to 16 months for escape or attempted escape. 28 C.F.R § 2.36(a)(2)(i)(A).

Lychanko argues that the application of rescission guideline to criminal conduct that he committed before his sentence began contradicts the plain language of the rescission guideline in effect in 1994, which generally applied to "disciplinary infractions or new criminal behavior committed by a prisoner subsequent to the commencement of his sentence and prior to his release on parole." 28 C.F.R. § 2.36(a) (1994).[1] The Commission assigned a range of 8 to 16 months for each of Lychancko's four escape attempts and his one escape although two of these offenses occurred before he was committed. The Commission essentially argues that for escapes committed "in connection with other offenses," § 2.20 incorporates by reference the rescission guideline.

In arguing that the rescission guideline cannot apply to criminal conduct that occurs before the offender's sentence begins, Lychanko relies on *Wilson v. United States Parole Commission*, 193 F.3d 195 (3d Cir. 1999), in which the Third Circuit held that the rescission guideline was improperly applied in calculating the appropriate penalty for contract murders that were committed prior to the commencement of the parole applicant's sentence. However, in that case the appropriate penalty for the crimes was found in § 2.20, and the Commission had no reason to resort to the rescission guideline to determine the applicable guideline range. In contrast, § 2.20 directs the Commission to apply the rescission guideline

---

[1]In 1999 the rescission guidelines were amended to clarify that they are to be applied to criminal conduct "committed by a prisoner during any period of confinement that is credited to his current sentence (whether before or after sentence is imposed)." 28 C.F.R. § 2.36(a).

to ascertain the penalty for an escape "in connection with another offense." Lychanko does not dispute that his escape and attempted escape were committed "in connection" with other offenses. His argument that the 1994 rescission guideline could never be applied to criminal conduct occurring before the commencement of a prisoner's sentence ignores the language of § 2.20 incorporating the rescission guideline for certain escapes. Given the deferential standard with which we review the Commission's actions, we cannot say that its decision was without a rational basis. Accordingly, the judgment of the district court is AFFIRMED.