**Frank SACCO, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION and Winston Satran, Warden, North Dakota State Penitentiary, Appellees.**

No. 80–1894.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 26, 1981.

Decided Jan. 30, 1981.

Frank Sacco, appellant pro se.

James R. Britton, U. S. Atty., Lynn E. Crooks, Asst. U. S. Atty., Fargo, N. D., for appellees.

Before LAY, Chief Judge, STEPHENSON and McMILLIAN, Circuit Judges.

442

PER CURIAM.

Frank Sacco appeals from the district court's[1] dismissal of his petition for a writ of habeas corpus in which he sought to overturn the decision of the United States Parole Commission rescinding its earlier decision granting Sacco parole effective July 18, 1979,[2] and instead granting him a presumptive parole date of December 15, 1981. We affirm.

While confined at the Federal Correctional Institution at El Reno, Oklahoma, Sacco filed a habeas corpus petition in the United States District Court for the Western District of Oklahoma, in which he alleged that the decision of the Parole Commission to not parole him effective July 18, 1979, but to continue him until December 15, 1981, was arbitrary and capricious. The basis of his claim was that he was not given adequate and particular reasons for the denial of his release; the Parole Commission failed to comply with their own rules and regulations; he was denied due process; and the Parole Commission arbitrarily classified his case as an original jurisdiction case. The Oklahoma district court denied relief holding: (1) that the procedures and decision to rescind Sacco's parole effective July 18, 1979, although not error free were "responsive to due process under emergent circumstances and were entirely free of arbitrary and capricious decision making"; (2) that the decision to designate his case for original jurisdiction was not in violation of 28 C.F.R. § 2.17, nor was it arbitrary and capricious; and (3) that the hearing and action of the Parole Commission in granting him a presumptive parole date of December 15, 1981, were not arbitrary and capricious. *Sacco v. United States Parole Comm'n,* No. CIV–79–999–D (W.D.Okla. Feb. 11, 1980).

After being transferred by the federal authorities as a boarder to the North Dakota State Penitentiary, Sacco commenced the instant action before the United States District Court for the District of North Dakota, again challenging the Parole Commission's decision rescinding and continuing the date of his parole. The North Dakota district court granted the Parole Commission's motion for summary judgment holding that Sacco's claims either had been decided on the merits by the Oklahoma district court or they lacked a factual basis for relief. On appeal Sacco contends that the Oklahoma district court did not dispose of all of the claims he has since brought before the North Dakota district court. Further, appellant contends that there was a sufficient factual basis to support these claims.

■ Under 28 U.S.C. § 2244(a) a district court is not required to entertain repetitive petitions for a writ of habeas corpus that present no new grounds for relief. Pursuant to section 2244(a) a subsequent petition for habeas corpus may be dismissed if (1) the same ground presented in the subsequent petition was determined adversely to the petitioner on the prior petition, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent petition. *See, e. g., Sinclair v. Blackburn,* 599 F.2d 673 (5th Cir. 1979); *Johnson v. Wyrick,* 381 F.Supp. 747 (W.D.Mo.), *aff'd,* 508 F.2d 123 (8th Cir. 1974).

After a careful reading and analysis of Sacco's pro se appeal brief, we find that he asserts three new grounds for relief which he claims the Oklahoma district court did not adversely decide on the merits. First, Sacco asserts that the Oklahoma district court did not decide on the merits whether the Parole Commission violated its own rules and regulations in re-opening his case for a second time for special reconsideration hearings. Sacco maintains that the Oklahoma district court only considered his claim as to the first re-opening of his case and did not consider the second re-opening for special reconsideration hearings. We have examined the Oklahoma district court opinion

---

1.  The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, presiding.

2.  After fixing the July 18, 1979 parole date, an additional twenty-year sentence computation error was discovered in petitioner's file resulting in an aggregated sentence of fifty-six years rather than thirty-six years.

and find Sacco's contention to be without merit. That court took into consideration both the first and second re-openings of his case and held against him on the merits.

The same is true of Sacco's second claimed new ground, that in its decision to continue his parole, the Parole Commission was improperly influenced by the Justice Department. In particular Sacco complains about the testimony of several FBI agents recommending that Sacco not be paroled. Again examining the Oklahoma district court opinion, we find that this testimony was considered by that court in reaching the decision that Sacco was not entitled to relief on the basis of either the Parole Commission's decision to rescind his earlier parole date or to continue his parole date.

■ Sacco's final claimed new ground is that he was prejudiced and denied due process by the fact that two of the same commissioners who voted on his case at the original jurisdiction referral level also voted on his case at his original jurisdiction appeal. While it is unclear whether the Oklahoma district court considered this claim, we find it to be without merit. The procedure involved was not a violation of the Parole Commission's rules and regulations. *See* 28 C.F.R. §§ 2.17, .27 (1979). Further, Sacco has failed to overcome the presumption of honesty and integrity that clothes decision makers. His naked claim of prior involvement is not of sufficient substance to overcome this presumption and thus show a denial of due process. *King v. Warden,* 551 F.2d 996 (5th Cir. 1977). *See Hortonville Joint School District No. 1 v. Hortonville Education Ass'n,* 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976); *Norbeck v. Davenport Community School District,* 545 F.2d 63, 69 (8th Cir. 1976).

In addition to the above-claimed grounds for relief, we have examined Sacco's remaining claims for relief in his petition for a writ of habeas corpus before the North Dakota district court and find that they were decided adversely to Sacco on the mer-

its by the Oklahoma district court. Further, we find that the interests of justice would not be served by reconsidering these claims.[3]

Accordingly, the judgment of the district court is affirmed.

---

3. The record indicates that the facts necessary to a proper disposition of the case were fully developed. The North Dakota district court did not abuse its discretion in denying further discovery.