Meynardo MONTEMAYOR, Petitioner,

v.

T.C. MARTIN, U.S. Parole
Commission, Respondents.

No. CIV–86–1392–A.

United States District Court,
W.D. Oklahoma.

Oct. 24, 1986.

Meynardo Montemayor, El Reno, Okl., for petitioner.

Blair Watson, Oklahoma City, Okl., for respondents.

## ORDER AND OPINION

ALLEY, District Judge.

Petitioner has applied to this Court for habeas corpus relief from a decision of the United States Parole Commission that petitioner should be "continued to expiration" —in other words, that he should be denied parole.

Petitioner was convicted of (1) conspiracy to distribute cocaine, (2) conspiracy to distribute heroin, (3) conspiracy to distribute marijuana, and (4) conspiracy to manufacture and distribute heroin, knowing it would be imported into the United States. Petitioner received concurrent sentences on

917

these four convictions, and was remanded to the custody of the Attorney General of the United States for a period of 15 years. The sentencing judge stated that he was concerned about the possibility of a double jeopardy violation if the sentences were not made to run concurrently, inasmuch as the judge apparently felt that all four convictions related to what was essentially one conspiracy for the manufacture, importation, and distribution of various drugs. The conspiracy in which petitioner participated, along with several of his brothers, was one of the five largest "Mexican brown" heroin distribution rings in the western hemisphere.

Petitioner appealed, claiming his convictions had been based on guilt by association with his brothers, and that there was insufficient evidence to show his personal involvement in his brothers' illegal activities. The Fifth Circuit Court of Appeals, after finding there was sufficient evidence to support the conviction of conspiracy to distribute cocaine, declined to review the other three convictions in the interest of judicial economy, since the sentences were concurrent. *United States v. Montemayor*, 703 F.2d 109, 116 (5th Cir.1983). The Court of Appeals therefore vacated the three unreviewed convictions, stating that this " ... in no way alters the jury's verdict or the convictions themselves. The effect of this judicial action is to suspend imposition of the sentences. No need of the government is impaired; at the same time, no possibility of adverse collateral consequences to defendants exists." *Id.*

At petitioner's initial parole hearing, the hearing examiners were provided with only a part of the Fifth Circuit's opinion. The fragment of the opinion which the hearing examiners had before them noted that petitioner had challenged all four convictions on grounds of insufficiency of the evidence, and that three of the four convictions had been vacated. Thus, the erroneous impression was created that the Court of Appeals had found insufficient evidence to sustain three of the convictions. Basing its decision in large part on this erroneous impression, the panel of hearing examiners at petitioner's initial hearing graded the severity of his offense behavior as Category Five. The summary of the hearing does not specify petitioner's offense behavior. It is possible the panel found that petitioner had participated in a conspiracy involving large scale distribution of cocaine. *See* 28 C.F.R. § 2.20, Chapter 9, Subchapter C, 921(e).

The Court notes that even if the Fifth Circuit had in fact overturned three of petitioner's convictions on the basis of insufficient evidence, this would not have prevented the hearing panel from considering relevant, available evidence supporting petitioner's participation in the drug ring. *See* 18 U.S.C. § 4207; 28 C.F.R. § 2.19(c); and *Nunez-Guardado v. Hadden*, 722 F.2d 618 (10th Cir.1983).

Because the hearing panel found on the basis of the information before it that petitioner's offense behavior was of Category Five severity, it recommended that he be continued to a presumptive parole after the service of 60 months. (In petitioner's case, a Category Five severity rating resulted in a guideline range of 24–36 months, but since petitioner was sentenced to 15 years' imprisonment, he could not be released by law until after service of 60 months of his sentence.)

The panel's recommendation was reviewed by an administrative hearing examiner. The hearing examiner had the benefit of additional information from the United States Probation Office, including a copy of the full Fifth Circuit opinion in *United States v. Montemayor, supra.* Upon receipt of this new and significant adverse information, *see* 28 C.F.R. 2.28(f), and *McClanahan v. Mulcrome*, 636 F.2d 1190 (10th Cir.1980), the administrative hearing examiner recommended that petitioner's case be remanded for a rehearing. *See* 28 C.F.R. § 2.24(3).

Petitioner's case was remanded for a hearing before a new panel. One of the panel members was the same person who, acting as an administrative hearing examiner, had recommended that petitioner's

case be remanded. The new hearing panel found that petitioner's offense behavior was of Category Eight severity, as it involved participation in a conspiracy to distribute extremely large amounts of heroin. *See* 28 C.F.R. § 2.20, Chapter 1, 101, and Chapter 9, Subchapter A, 901(a). The panel therefore recommended that petitioner be continued to expiration.

In support of his claim for habeas corpus relief, the petitioner attacks the procedures which culminated in the denial of parole (essentially, the hearing examiner's decision to remand his case and the second panel's decision to deny parole) and the neutrality of the member of the second panel who had previously acted as the administrative hearing examiner in his case.

The scope of this Court's review of parole decisions is narrow, the standard of review being whether the decision is arbitrary and capricious or is an abuse of discretion. *Dye v. United States Parole Commission,* 558 F.2d 1376 (10th Cir.1977). There is nothing either in the decision to remand petitioner's case for a hearing or in the decision of the second hearing panel to deny parole which runs afoul of this standard. Based on the new information which became available after petitioner's initial parole hearing, *see United States v. Montemayor, supra,* 703 F.2d at 112–114, *failure* to revise the earlier decision, which had been based on incomplete information, might have constituted an abuse of discretion. The new information available to the administrative hearing examiner and the second hearing panel was information on which they were entitled to rely, *see* 28 C.F.R. §§ 2.28(f) and 2.19(c), and it justified the decision reached in petitioner's case. *See* 28 C.F.R. § 2.20, Subchapter A, 901(a).

This result is in no way altered or affected by what was apparently a misunderstanding on the part of the Fifth Circuit Court of Appeals as to whether evidence supporting petitioner's vacated convictions would adversely affect petitioner's chances for parole. *See Montemayor, supra,* 703 F.2d at 116 (" … no possibility of adverse collateral consequences to defendants ex-

ists.") "The courts are without power to grant a parole or to judicially determine eligibility for parole." *Brest v. Ciccone,* 371 F.2d 981, 982–983 (8th Cir.1967). *See also Baker v. Day,* 436 F.Supp. 593 (W.D. Okla.1977). Insofar as the Circuit Court's opinion indicated any expectations regarding the duration of petitioner's imprisonment, these were not enforceable. *Cf. United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

In support of petitioner's second claim for relief, he alleges that the member of the second hearing panel who had previously been involved in the parole proceedings as an administrative hearing examiner displayed a "result-oriented attitude" in recommending a remand for rehearing and in voting to deny parole. However, the Court has already noted that the evidence before the hearing examiner and the second hearing panel fully justified the actions that were taken by them. Thus, no inference of bias can be drawn from the mere fact that one individual participated in two decisions unfavorable to petitioner. *See Sacco v. United States Parole Commission,* 639 F.2d 441, 443 (8th Cir.1981); and *King v. Warden,* 551 F.2d 996, 1001 (5th Cir.1977). Nothing else in the record lends even the slightest support to petitioner's conclusory allegations, and therefore his second claim for relief is without merit.

Based on the foregoing, it is clear that the proceedings which culminated in the denial of petitioner's parole comported in all respects with the United States Constitution and federal law and regulations. Therefore, the petition for habeas corpus relief must be and is hereby dismissed.