Michael NORWOOD,
Petitioner–Appellant,

v.

Edward BRENNAN,
Respondent–Appellee.

No. 89–1343.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 15, 1989.
Decided Dec. 12, 1989.*

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Michael Norwood, Terre Haute, Ind., for petitioner-appellant.

Debra L. Schneider, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for respondent-appellee.

Before CUMMINGS and FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

On May 29, 1981, a jury convicted petitioner-appellant Michael Norwood of armed bank robbery, for which he was sentenced to 25 years. His initial parole hearing was held in April 1984, and he received an offense severity rating of Category 8. That rating was based in part upon a determination that during the robbery Norwood and his co-defendants shot at a police officer 14 times in an attempt to kill him. The Commission directed that the case be continued to a 10–year reconsideration hearing in April 1994.

A special reconsideration hearing was held on August 17, 1988, after the Commission was informed that the jury in Norwood's state trial had acquitted Norwood of attempted murder. That hearing resulted in a lower offense rating, and a guideline range of 78–110 months. The panel, however, recommended a decision above the guidelines because of Norwood's bad record. On September 21, 1988, the Regional Commissioner ordered him to serve until the expiration of his sentence—approximately 178 months. Norwood appealed, and the National Appeals Board affirmed the decision of the Regional Commissioner. Subsequently, Norwood filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the district court denied.

On appeal, Norwood argues that § 235(b)(3) of the Sentencing Reform Act ("SRA") of 1984 should have governed his parole determination, rather than the amendment to § 235(b)(3) enacted in 1987 ("1987 amendment").[1] 18 U.S.C. § 3551 (1984); Sentencing Reform Act, Pub.L. No. 98–473, Title II, § 211 (Oct. 12, 1984), (codi-

---

1. Norwood also argued in his principal brief that he was entitled to the benefit of the new Sentencing Commission Guidelines because those guidelines are lower than his parole deter- mination. In a subsequent motion he has withdrawn that argument, so that we do not address it.

fied as amended at 18 U.S.C. § 3551). The 1984 version of § 235(b)(3) required that parole be set within the parole guideline range, whereas the 1987 version allowed the Parole Commission, as here, once again to proceed under 18 U.S.C. § 4206 and exceed the parole guideline range.[2] We reject petitioner's claim and affirm the decision of the district court.

The district court interpreted the 1984 Sentencing Reform Act as applying only to offenders who would not have had a parole hearing scheduled prior to the termination of the Commission's existence.[3] Because Norwood had a parole hearing scheduled prior to the Commission's termination, the court held that § 235(b)(3) of the 1984 SRA was inapplicable and that therefore under 18 U.S.C. § 4206, the Commission's decision outside the guidelines was permissible.[4] We affirm but on a different ground.

In *Romano v. Luther,* 816 F.2d 832 (2d Cir.1987), which set forth an extensive analysis of the 1984 Sentencing Reform Act, the Second Circuit indicated that the original § 235 was designed to "provide a certainty of release within the appropriate guideline range to those for whom the Parole Commission, prior to its abolition, might otherwise have either taken no action or set a parole date beyond their guideline range." 816 F.2d at 839–40. The latter category includes offenders who had a parole hearing prior to the Commission's termination, suggesting that § 235 applies to Norwood in this case. We agree.

[redacted] Because Norwood raises issues regarding retroactivity, we will first address the effective date of § 235 of the SRA of 1984, as set forth in § 235(a)(1). In construing that section, we held in *United States v. Stewart,* 865 F.2d 115 (7th Cir. 1988), that the SRA of 1984 applied only to offenses committed after November 1, 1987. That rule, however, does not apply to the parole transition provisions of the SRA including § 235, because defendants committing offenses after November 1, 1987, are not subject to parole. A contrary holding would produce the anomaly of a parole regulation applicable only to offenses not subject to parole. While we have not previously addressed this question, the Second Circuit reached an identical conclusion in *Romano.* There the court stated that in general the 1984 SRA applied only to offenses committed after November 1, 1987, but that the SRA transition provisions, such as then § 235, were effective immediately. That holding was consistent with the intent of Congress in enacting the SRA and with the overall statutory scheme. Therefore, § 235 of the SRA of 1984 applied to Norwood's parole determination because the offense for which he was convicted occurred prior to November 1, 1987.

Norwood concedes that the 1984 version of § 235 of the SRA is applicable, but asserts that the amendment to § 235(b)(3) enacted in 1987 does not apply retroactively to offenses which occurred prior to

**2.** As originally passed in 1984, § 235(b)(3) of the Sentencing Reform Act provided:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction a day before the expiration of five years after the effective date of this Act, *that is within the range that applies to the prisoner under the applicable parole guideline.* A release set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

(emphasis added). On Dec. 7, 1987, Congress amended this section in the SRA of 1987, Pub.L. No. 100–182, 101 Stat. 1266, which stated:

> The United States Parole Commission shall set a release date, for an individual who will be in its jurisdiction a day before the expiration of five years after the effective date of this Act, *pursuant to Section 4206 of Title 18 U.S.C.* A release set pursuant to this paragraph shall be set early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

(emphasis added).

**3.** The district court set that date as November 1, 1995, but the Commission will expire on November 1, 1992. *See Romano v. Luther,* 816 F.2d 832 (2d Cir.1987) (cited by the district court).

**4.** However, the court determined by dicta that if applicable to Norwood, the 1987 amendment to § 235(b)(3) would not violate the *ex post facto* clause of the federal Constitution.

December 7, 1987. First, Norwood cites § 26, which establishes the general effective date of the 1987 amendments. Sentencing Act of 1987, Pub.L. No. 100–182. Section 26 provides that "[t]he amendments made by this Act shall apply with respect to offenses committed *after* the enactment of this Act." (emphasis added) *Id.* This statute was approved by the President on December 7, 1987. Based on that provision, Norwood argues that the plain language of the 1987 amendments indicates that they do not apply to him. Despite that language, however, we hold that the parole transition sections of the 1987 amendments must apply to offenses committed prior to the enactment of the Act. Offenses committed after November 1, 1987, are subject to the Sentencing Commission Guidelines which have replaced the parole system. Courts should not interpret statutes in a manner inconsistent with the overall statutory scheme. *United States v. Stewart,* 865 F.2d 115, 117 (7th Cir.1988). Therefore, the parole provisions of the 1987 amendments cannot be interpreted to apply to offenses committed after December 7, 1987. The question then becomes whether the 1987 amendment to § 235(b)(3) applies retroactively to Norwood's conviction which was not subject to the new Sentencing Commission Guidelines. The SRA does not delineate the scope of any retroactive effect, but the *ex post facto* clause of the Constitution may impose a limit on retroactivity.

 The *ex post facto* clause is violated if a law: 1) has retrospective application and 2) disadvantages the offender affected by it. *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *United States v. Stewart,* 865 F.2d 115, 117 n. 2 (7th Cir.1988). As we have just held, the 1987 amendment to § 235(b)(3) is retrospective. *Lightsey v. Kastner,* 846 F.2d 329, 333 (5th Cir.1988). It does not, however, disadvantage Norwood in this case. Prior to the SRA, parole determinations were made pursuant to 18 U.S.C. § 4206, which granted the Parole Commission discretion to exceed the applicable parole guidelines. Section 235(b)(3) of the

SRA of 1984, however, required the Commission to set release dates within the parole guidelines. *See* n. 2 *supra.* With the 1987 amendment to § 235(b)(3), Congress merely reinstated 18 U.S.C. § 4206 as controlling such determinations. As a result, Norwood is not disadvantaged because the same standard applies now that applied at the time of the 1980 offense and at the time of sentencing in 1981. *Accord United States ex rel. D'Agostino v. Keohane,* 877 F.2d 1167, 1172–73 (3rd Cir.1989); *Tripati v. U.S. Parole Comm'n,* 872 F.2d 328, 330 (9th Cir.1989); *Lightsey v. Kastner,* 846 F.2d 329, 333 (5th Cir.1988). Therefore, no *ex post facto* violation exists, and the Parole Commission properly relied upon the 1987 amendment to § 235(b)(3) of the SRA in making its parole determination.

The decision of the district court is AFFIRMED.