934 F.2d 323
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael NORWOOD, Petitioner-Appellant,
v.
Edward J. BRENNAN, Respondent-Appellee.
 No. 89-2922.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 8, 1991.*
Decided June 4, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Norwood appeals pro se from the judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 Norwood is serving an aggregate twenty-five year sentence for two separate armed bank robbery convictions. On August 17, 1988, the United States Parole Commission conducted a parole hearing. The Regional Commissioner continued Norwood to the expiration of his sentence and cited aggravating factors in support. The National Appeals Board affirmed. Norwood then filed this habeas petition. Norwood claimed that the Commission failed to comply with section 235(b)(3) of the Sentencing Reform Act (codified at 18 U.S.C. Sec. 3551) which, he argues, directed the Commission to set parole based upon the lower of the parole guidelines or the new sentencing guidelines. The district court denied the petition without ordering the United States Attorney to show cause why the writ of habeas corpus should not be issued.[1] The district court explained that Norwood's argument overlooked a subsequent amendment that eliminated the language of section 235(b)(3), that would have entitled Norwood to an earlier release date. Norwood timely filed a notice of appeal.
 
 
 3
 On appeal, Norwood argues that section 235(b)(3)[2] required the Commission to give him the benefit of the new sentencing guideline range that would apply to his case because the sentencing guideline range is lower than the applicable parole guideline range. Norwood contends that his sentencing guideline range is 78 to 97 months,[3] while his parole guideline range is 78 to 110 months. The Commission did not give him the benefit of either, but chose to exceed both ranges because of aggravating factors. Norwood contends that the Commission was obligated to set his release date within the more lenient 78 to 97 month guideline range. In support, Norwood cites a footnote contained in the Senate committee report which, in commenting on the original section 235(b)(3), stated: "The Committee intends that, in the final setting of release dates under this provision, the Parole Commission give the prisoner the benefit of the applicable new sentencing guideline if it is lower than the minimum parole guideline." S.Rep. No. 225, 98th Cong., 2d Sess. 187, reprinted in U.S. Code Cong. & Admin. News 3372 & n. 430.
 
 
 4
 There are a number of problems with Norwood's argument. First, the committee's statement in footnote 430 was not incorporated into either version of section 235(b)(3), and it is the statutory language on which we must initially focus. See Abercrombie v. Clarke, 920 F.2d 1351, 1356-57 (7th Cir.1990). The language of section 235(b)(3) does not support Norwood's argument. In fact, section 235(b)(3), by reference to 18 U.S.C. Sec. 4206, plainly allows the Commission to exceed the guideline ranges. Thus, our inquiry could end here since the statutory language is not ambiguous. See Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir.1990).
 
 
 5
 Second, even if we were to consider footnote 430 as having any force, it states that the Commission only need give the prisoner the benefit of the applicable sentencing guideline if it is lower than the minimum parole guideline. Accepting Norwood's calculation that the applicable sentencing guideline range is 78 to 97 months, this is not lower than the minimum parole guideline which is also 78 (to 110) months.
 
 
 6
 Third, we note that footnote 430 of the Senate committee report addressed the 1984 version of section 235(b)(3), whereas the amended 1987 version controls Norwood's case.[4] The 1984 version of section 235(b)(3) required that the Commission set parole within the parole guideline range. The 1987 version authorized the Commission to proceed under 18 U.S.C. Sec. 4206 and exceed the guideline range. The language of the footnote and amended section 235(b) cannot be reconciled. The Commission cannot both exercise its power to deny parole and thereby exceed either guideline range and at the same time give a prisoner the benefit of the lower of the two guideline ranges. We also note that the Commission has interpreted section 235(b)(3) to permit it to make decisions outside its guideline range where appropriate. 28 C.F.R. Sec. 2.64(a) (1990). That Congress has not acted to revise this interpretation is persuasive evidence that this interpretation is the one Congress intended. See Abercrombie, 920 F.2d at 1359 n. 12. The statutory language permitting the Commission to set a release date pursuant to section 4206 controls.
 
 
 7
 For these reasons, we conclude that the Commission properly relied upon the 1987 amendment to section 235(b)(3) in making its decision to exceed the parole and sentencing guidelines ranges in setting Norwood's release date. The judgment of the district court denying Norwood's petition for a writ of habeas corpus is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Consequently, the United States Attorney has not filed an appearance or responsive brief in either the district court or this court. A district court has the authority to dispose of a habeas petition in this manner where it appears from the petition itself or from the petition and any exhibits thereto that the petitioner was not entitled to relief. See 28 U.S.C. Sec. 2243; see also Davis v. Franzen, 671 F.2d 1056, 1057 (7th Cir.1982); Rule 4, Rules Governing Proceedings in the United States District Courts under Section 2255 of Title 28, United States Code & Advisory Committee Note to Rule 4; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts
 
 
 [2]
 Section 235(b)(3), as amended in 1987, provided in pertinent part:
 The United States Parole Commission shall set a release date, for an individual who will be within its jurisdiction the day before the expiration of five years after the effective date of [the Sentencing Reform Act], pursuant to section 4206 of title 18, United States Code.
 
 
 [3]
 Although it is not possible on the record before us to verify that Norwood's sentencing guideline range would be 78 to 97 months, we accept his calculation for purposes of argument
 
 
 [4]
 This is Norwood's second habeas challenge to the Parole Commission's determination. In the appeal from the denial of Norwood's first habeas petition, this court concluded that the Commission properly relied upon the 1987 amendment to Sec. 235(b)(3) in making its parole determination. See Norwood v. Brennan, 891 F.2d 179, 182 (7th Cir.1989)
 We note that the claim Norwood raises in this, his second, habeas petition is the same claim he raised and voluntarily withdrew in his first habeas petition. See id. at 180 n. 1. However, because the district court summarily denied the petition without ordering the United States Attorney to respond, the government has not raised the issue of whether this second petition constitutes an abuse of the writ. Had the district court ordered the government to respond, it would be the government's responsibility to raise the potential abuse of the writ issue. Because it is well established that the issue of whether a petition constitutes an abuse of the writ must be raised by the government, we are unable to reach it. See Price v. Johnston, 334 U.S. 266, 292 (1948) (burden is upon government to plead abuse of writ); see also McClesky v. Zant, 59 U.S.L.W. 4288 (1991) (same); Sanders v. United States, 373 U.S. 1, 10 (1963) (same).