William D. DUNNE, Petitioner–Appellant,

v.

Keith E. OLSON, Respondent–Appellee.

Nos. 02–2830, 02–3829.

United States Court of Appeals, Seventh Circuit.

Submitted April 17, 2003.*

Decided May 1, 2003.

Rehearing and Rehearing En Banc Denied July 11, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

## ORDER

William Dunne has filed two appeals, which we consolidate for purposes of decision. In the first appeal, no. 02–2830, Mr. Dunne appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the United States Parole Commission's decision to deny him parole and its refusal to set a release date for him. In no. 02–3829, Mr. Dunne appeals from the district court's dismissal of his petition for a writ of mandamus directing prison authorities to properly handle grievances he filed. Finding no error in the district court's decisions, we affirm.

## BACKGROUND

### 1. No. 02–2830

Mr. Dunne is currently serving a total of 95 years in the custody of the United States Bureau of Prisons – an 80–year sentence imposed in 1980 for multiple armed bank robberies and conspiracy to effect the escape of a federal prisoner committed in 1979, and a consecutive 15–year sentence imposed in 1984 for conveyance of a weapon within a United States penitentiary and attempted escape in 1983. *See Dunne v. Henman*, 875 F.2d 244, 246 (9th Cir.1989). Because Mr. Dunne's crimes were committed before the Novem-

ber 1, 1987 effective date of the Sentencing Reform Act of 1984 ("SRA"), he is subject to the sentencing rules in place prior to the passage of the SRA. These rules include the possibility of parole. *See Valona v. United States Parole Comm'n*, 235 F.3d 1046, 1047 (7th Cir.2000).

Mr. Dunne initially became eligible for parole in 1996. After he submitted a parole application, a prehearing assessment was prepared by hearing examiner Dorothy Beale. The assessment determined that Mr. Dunne's parole guideline range [1] was 144–274 months, but recommended that parole be denied because he was a "poorer risk" than indicated by his salient factor score (a numerical rating of the likelihood an offender will commit a parole violation) and offense severity rating, the factors used to determine the parole guideline range. After a hearing, the Commission accepted the recommendation of the prehearing assessment and determined that Mr. Dunne's request for parole should be denied and that his hearing should be continued for 15 years. Mr. Dunne appealed the Commission's decision to the National Appeals Board, which affirmed because he posed a "more serious risk for parole release than is indicated by [his] parole guideline range."

Mr. Dunne then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the Commission had denied him due process and equal protection, had applied a provision of law in violation of the *ex post facto* clause of the Constitution, and had failed to adequately explain its decision denying him parole. The district court denied relief,

---

**1.** The parole guidelines, which rate the severity of offenses and set a "customary range of time to be served before release," are contained in 28 C.F.R. § 2.20. *See* 28 C.F.R. § 2.20(b). The statement of general policy to the guidelines explains that the time ranges specified are "merely guidelines" and decisions either above or below the prescribed range may be rendered. *Id.* § 2.20(c).

finding that the Commission had not denied him due process or equal protection, had not violated the *ex post facto* clause, and had adequately explained its decision.

### 2. No. 02–3829

While Mr. Dunne was incarcerated in the United States Penitentiary in Terre Haute, Indiana, he filed numerous grievances with prison officials. These grievances challenged almost every aspect of his confinement, such as not being provided enough towels and underwear and not being given a holiday package that prison staff were handing out. These grievances were not handled to his satisfaction, so he filed a petition for a writ of mandamus in the Southern District of Indiana seeking to compel prison authorities to properly consider and handle his complaints. During the pendency of Mr. Dunne's petition, he was transferred to another federal prison in California. The district court dismissed his petition as moot because of the transfer.

Mr. Dunne now appeals from both of the district court's adverse decisions.

### DISCUSSION

### 1. No. 02–2830

■ In appeal no. 02–2830, Mr. Dunne challenges the district court's denial of his habeas corpus petition. He asserts that the district court erred by determining that the Parole Commission's decision to deny him parole and continue his hearing for 15 years did not violate his constitutional rights. We review the district court's decision to deny Mr. Dunne's § 2241 petition *de novo. Parsons v. Pitzer,* 149 F.3d 734, 736 (7th Cir.1998); *see*

*Benny v. United States Parole Comm'n,* 295 F.3d 977, 981 (9th Cir.2002). In order to be entitled to relief, Mr. Dunne must demonstrate that his custody is unlawful. *Bush v. Pitzer,* 133 F.3d 455, 457 (7th Cir.1997); *see Benny,* 295 F.3d at 988.

Mr. Dunne first asserts that the Parole Commission incorrectly applied the law when it denied his request for parole. He argues that the Commission was required by a provision of the SRA to set a parole date for him within the recommended guideline range, and that the Commission's failure to follow the SRA and set a parole date for him was unlawful.

The SRA revamped the sentencing procedures of federal courts, replacing indeterminate sentencing that allowed for the possibility of parole with determinate sentencing and no parole. *See Walden v. United States Parole Comm'n,* 114 F.3d 1136, 1138 (11th Cir.1997). Although it abolished the Commission and repealed most of the statutes governing sentencing, section 235 of the SRA "saves" the Commission and the federal parole statutes for a period of time (currently until October 31, 2005).[2] *Id.* In § 235(b)(3) of the SRA, Congress mandated that the Commission "shall set a release date, for an individual who will be in its jurisdiction the day before" the Commission was to be abolished. The release date was to be "within the range that applies to the prisoner under the applicable parole guideline." The effect of this provision was to modify 18 U.S.C. § 4206, which gave the Commission discretion to "grant or deny release on parole notwithstanding the guidelines." 18 U.S.C. § 4206(c)(repealed).

In 1987, Congress enacted further sentencing reforms in the Sentencing Act of

2. Under § 235(b)(3) of the SRA, the Commission and the parole statutes were "saved" for five years after the effective date of the act, or until October 31, 1992. However, Congress has extended the "saving" date several times, most recently until October 31, 2005, *see* Pub.L. 107–273 § 11017(a), 116 Stat. 1758, 1824 (2002).

1987 ("1987 Amendment"). With respect to parole, Congress modified § 235(b)(3) of the SRA by "striking out 'that is within the range that applies to the prisoner under the applicable parole guideline' and inserting in lieu thereof "pursuant to [18 U.S.C. § 4206].'" This amendment returned sentencing law to its pre-SRA state. *See Norwood v. Brennan,* 891 F.2d 179, 180–82 (7th Cir.1989).

In denying Mr. Dunne's request for parole, the Commission applied pre-SRA law (as mandated by the 1987 amendment), rather than the SRA. It continued the parole hearing for 15 years, outside of the applicable parole guideline range. Mr. Dunne asserted in the district court, as he does here, that the Commission's decision to retroactively apply the 1987 amendment – rather than § 235(b)(3) of the SRA – violated the *ex post facto* clause. He argues that the SRA gave him the expectation of a parole date within the applicable guideline range and that the retroactive application of the less-favorable 1987 amendment was to his disadvantage. The district court rejected this contention, finding that no *ex post facto* violation occurred.

We agree with the district court and find that the Commission's decision to apply the 1987 amendment did not violate the *ex post facto* clause. This court, as well as other circuits, have rejected the argument Mr. Dunne asserts here. Although the 1987 amendment was applied retrospectively, it did not disadvantage those subject to it, such as Mr. Dunne. The amendment merely returned to the Commission the discretion to set parole release dates beyond the suggested guideline range, the same authority it had before the SRA (and at the time Mr. Dunne committed his offenses and was sentenced). *See Norwood,* 891 F.2d at 181–82; *United States ex rel. D'Agostino v. Keohane,* 877 F.2d 1167,

1172–73 (3d Cir.1989); *Tripati v. United States Parole Comm'n,* 872 F.2d 328, 330 (9th Cir.1989)(per curiam); *Lightsey v. Kastner,* 846 F.2d 329, 333–34 (5th Cir. 1988). Mr. Dunne has provided no reason why we should depart from these decisions, and he has not shown that the Commission's decision was unconstitutional.

■ In a related argument, Mr. Dunne asserts that the Commission denied him procedural due process by "rescinding a parole release date previously established by statute." His argument appears to be that § 235(b)(3) required the Commission to set a date for his release, which it did not do. This argument also fails. Contrary to Mr. Dunne's argument, § 235(b)(3) did not entitle him to be immediately released from prison, and did not mandate any certain date by which he must be paroled. Rather, it required the Commission to set release dates for inmates subject to parole before its abolition, which was originally set for October 31, 1992. However, the date of abolition of the Commission has been extended to October 31, 2005, *see* Pub.L. 107–273 § 11017(a), 116 Stat. 1758, 1824 (2002), and the Commission is not yet required to set a release date for Mr. Dunne. *See Stange v. United States Parole Comm'n,* 875 F.2d 760, 762 (9th Cir.1989)(Commission has until date it is set to be abolished, minus necessary time for appeal, to set release dates for prisoners). He was therefore not denied procedural due process when the Commission refused to set a date for his release.

Mr. Dunne next asserts that the Commission's decision to deny him parole and continue his hearing until 2015 is void because of actual and potential conflicts of interest facing the Commission. He first asserts that the Commission as a whole is biased because it has a financial interest in refusing to set parole dates for "old law"

prisoners – its very existence depends on there being "old law" prisoners for whom parole dates have not been set. According to Mr. Dunne, the Commission, in order to justify its existence, has refused to apply § 235(b)(1) by setting a parole date for him and instead incorrectly applied the law as modified in 1987. This argument is frivolous. As we have already determined, the Commission properly applied the 1987 Amendment to § 235(b)(3) to its consideration of his parole request. Furthermore, Mr. Dunne has presented no evidence that the Commission is biased or has a conflict of interest. Indeed, the basis of this argument is flawed – the Commission's continued existence is controlled by Congress, not the Commission itself. *See* 18 U.S.C. § 4202 (repealed); *Walden*, 114 F.3d at 1138–39. Mr. Dunne has presented no evidence to overcome the presumption of good faith we accord to the Commission, *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 106 (3d Cir.1992), and he has failed to demonstrate that its actions were tainted by a real or potential conflict of interest.

■ Mr. Dunne also claims that the Commission denied him due process because his parole hearing was conducted by Dorothy Beale, a Parole Commission examiner, who also prepared the prehearing assessment recommending that his request for parole be denied. But Mr. Dunne has cited no cases, nor did our research locate any, indicating that an officer who prepares a prehearing assessment may not subsequently preside over an inmate's parole hearing. He has also provided no evidence to show that Beale was biased against him, nor has he pointed to any irregularities in the process to rebut the presumption that hearing officers act in good faith. *Bridge*, 981 F.2d at 106; *see also Sacco v. United States Parole Comm'n*, 639 F.2d 441, 443 (8th Cir.

1981)(naked claims of hearing officer's prior involvement in case not enough to overcome presumption that officer acted in good faith.)

■ Mr. Dunne further argues that his due process rights were infringed because the Commission relied on erroneous information in reaching its decision and failed to specify with sufficient particularity why it denied his parole request. In order to satisfy due process requirements, the Commission must furnish a statement that adequately informs the prisoner of the grounds for its decision and enables a reviewing court to determine whether parole has been denied for an impermissible reason. *Solomon v. Elsea*, 676 F.2d 282, 286 (7th Cir.1982) (per curiam). Assuming that the Commission has given a reason for its decision, we will not disturb that decision unless the reasoning is "fanciful or suppositious." *Kramer v. Jenkins*, 803 F.2d 896, 901 (7th Cir.1986); *see also Slader v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997).

Here, the reasons given by the Commission for denying Mr. Dunne parole are more than sufficient. The Commission stated that Mr. Dune was a poorer risk than indicated by his salient factor score because of the nature of his crimes and his history of violating prison rules, and consequently decided that it should depart from the parole guideline range and continue the hearing for 15 years. The Commission's decision, which does not reflect the consideration of any impermissible factors, provides Mr. Dunne with sufficiently specific reasons for denying parole. The Commission therefore did not violate Mr. Dunne's due process rights.

■ Mr. Dunne next contends that the Parole Commission violated his equal protection rights by treating him and his codefendants differently regarding parole dates. He asserts that the Commission

set release dates for two of his codefendants (in 2001 and 2004, respectively) but refused to do so for him despite the fact that they had all received approximately the same sentences. But a prisoner has no constitutional right to a parole date identical to that of any of his codefendants, so Dunne cannot show any equal protection violation. *See Augustine v. Brewer,* 821 F.2d 365, 371–72 (7th Cir.1987); *Patten v. North Dakota Parole Board,* 783 F.2d 140, 144 (8th Cir.1986). The district court correctly denied Mr. Dunne relief on this claim.

Mr. Dunne last asserts that the Commission's decision to continue his parole hearing for 15 years is erroneous because it exceeds his statutory maximum sentence. Under 18 U.S.C. § 4206(d), a prisoner "shall be released" after serving two-thirds of each consecutive term or after serving thirty years of each consecutive term of more than forty-five years. According to Mr. Dunne's calculations, by 2010 he will have served 30 years of his 95–year sentence, and at that time he should be released. But Mr. Dunne has not demonstrated that he exhausted his administrative remedies within the Bureau of Prisons regarding his release date, and we cannot consider it now. *See Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Even if we were to reach the merits of this argument, Mr. Dunne's calculation is mistaken. The 80–year sentence he received in 1980 is actually composed of three 25–year consecutive sentences and a five-year consecutive sentence, meaning that he would need to serve 2/3 of *each* of those sentences (and the additional consecutive 15–year sentence) before being eligible for parole. Mr. Dunne's mandatory release date is thus well past 2015, the date of his continued hearing, and will not be exceeded by the Commission's action.

Therefore, for the foregoing reasons, we agree that the district court properly denied Mr. Dunne's petition for a writ of habeas corpus.

2. No. 02–3829

■ In appeal no. 02–3829, Mr. Dunne asserts that the district court erroneously dismissed his mandamus petition for lack of jurisdiction under 28 U.S.C. § 1915A. The court determined that Mr. Dunne's claims were moot because he had been transferred from U.S.P. – Terre Haute to another federal institution. We review *de novo* the district court's dismissal for mootness, *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1996)(per curiam), and find no error.

The district court correctly determined that Mr. Dunne's requests for injunctive and declaratory relief were rendered moot by his transfer from U.S.P. – Terre Haute to another institution. *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir.2003); *Higgason,* 83 F.3d at 811. Mr. Dunne argues, however, that this matter falls into the exception to mootness for cases that are "capable of repetition yet evading review" because he "is subject to be returned to U.S.P. Terre Haute at any time or to be transferred to a prison to which appellee +/or [sic] the officials involved in the violations under him have been transferred." To fall within the exception, a plaintiff must demonstrate that 1) the challenged action was too short in duration to be fully litigated before its cessation or expiration, and 2) there is a reasonable probability that he will be subjected to the same action again. *Spencer v. Kemna,* 523 U.S. 1, 16, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). But Mr. Dunne fails to demonstrate that there is a reasonable probability that he will face the same alleged deficiencies in the handling of his grievances at U.S.P.–Terre Haute in the future. He provided

only his own speculation, and not any evidence, to show a likelihood that he will be transferred back to Terre Haute in the future, and that is insufficient to meet his burden. *See Higgason*, 83 F.3d at 811.

Accordingly, we AFFIRM the judgments of the district court in appeal nos. 02–2830 and 02–3829.