**Anthony LEISURE, Petitioner–Appellant,**

v.

**Suzanne HASTINGS, Respondent–Appellee.**

No. 03–3704.

United States Court of Appeals, Seventh Circuit.

Submitted March 24, 2004.[*]

Decided March 30, 2004.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Anthony Leisure, Pekin, IL, pro se.

John H. Campbell, Office of the United States Attorney, Peoria, IL, for Respondent–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### Order

Anthony Leisure is serving time for crimes committed before the Sentencing Reform Act of 1984. See *United States v. Leisure*, 844 F.2d 1347 (8th Cir.1988). That statute called for all such persons to receive a determinate parole date, within the range determined by a set of guidelines, by 1992, when the Parole Commission would go out of existence. In 1987 Congress repealed this provision and extended the Parole Commission's existence indefinitely. Leisure has been considered for parole twice since 1987. On each occasion the Commission decided that he should be held until the expiration of his sentence in 2007. Leisure now seeks a writ of habeas corpus, see 28 U.S.C. § 2241, contending that the Ex Post Facto Clause prevents application to him of the 1987 statute and entitles him to release.

Leisure misunderstands how the Ex Post Facto Clause works. He thinks that it gives prisoners the benefits of laws in force at the time of their convictions–and as he was sentenced after the 1984 statute, but before the 1987 repeal, he thinks that this gives him vested rights under the 1984 law. That is not correct. The Ex Post Facto Clause forbids detrimental changes in law after the date of the criminal conduct. See *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). The dates of conviction and sentencing are irrelevant. See *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). Although the 1987 statute may cause problems with respect to persons whose offenses were committed after the 1984 law and before the repeal, see *Lyons v. Mendez*, 303 F.3d 285 (3d Cir.2002), there is no constitutional problem with respect to crimes committed before the Sentencing Reform Act of 1984. Leisure is in exactly the position he would have occupied had none of the intervening statutes been enacted, so he has no legitimate constitutional complaint. See *Skowronek v. Brennan*, 896 F.2d 264 (7th Cir.1990); *Norwood v. Brennan*, 891 F.2d 179 (7th Cir.1989).

AFFIRMED