NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2007[*]
Decided December 26, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 07-2579

| | |
|---|---|
| ROCKY RELIFORD,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>RICK V. VEACH, Warden,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 05 C 218<br><br>Richard L. Young,<br>*Judge*. |

**O R D E R**

Rocky Reliford, a federal inmate, petitioned for a writ of habeas corpus claiming a right to immediate release on parole. The district court denied his petition and we affirm.

Reliford was serving in the United States Marine Corps when he and two other enlisted men murdered a fellow serviceman and his wife during a 1986

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

robbery.  Reliford was convicted of conspiracy, murder, and robbery in a general court martial and sentenced to life imprisonment.  In late 2000, he was transferred from military custody to the Bureau of Prisons to serve out his sentences.  *See* 10 U.S.C. § 858.

After his transfer, Reliford applied for parole and received a hearing before the United States Parole Commission in May 2001.  Reliford expressed remorse but denied that the crimes were premeditated.  He also noted that, while in custody, he had earned a college degree, completed vocational training, and attended various courses.  Reliford's parents also appeared, and his father stated that they were in poor health, had observed a change in their son, and were hopeful that he would be released to spend time with them before their deaths. The Parole Commission nevertheless rejected Reliford's application and ruled that he should not be considered for parole until 2016 with interim hearings, *see* 28 C.F.R. § 2.14, every two years.  The Commission reasoned that, despite Reliford's accomplishments, parole was not appropriate in light of the gravity of his crimes.  The National Appeals Board upheld this decision, and the Commission declined to reconsider it after Reliford's first interim hearing in October 2003.

Reliford, who is confined at the United States penitentiary in Terre Haute, Indiana, petitioned for relief under 28 U.S.C. § 2241 in September 2005.  He claimed that § 235(b) of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, tit. II, ch. II, 98 Stat 1837, vested him with an entitlement to release that the Parole Commission has disregarded.  Reliford also claimed that, after his interim hearing in 2003, the Commission did not explain adequately its reasons for not retracting its 2001 ruling denying him parole.  The district court rejected these contentions, and Reliford presses them again here.  Our review is de novo.  *See Charlton v. Davis*, 439 F.3d 369, 371 (7th Cir. 2006).

When Congress abolished parole as part of the Sentencing Reform Act, it also planned for the eventual sunset of the Parole Commission, which initially was to occur five years after the effective date of the new sentencing law.  *See* Sentencing Reform Act, § 218(a)(5), 98 Stat. 1837, 2027.  Congress expected that some parole-eligible inmates would remain in prison even after the demise of the Commission, *see Norwood v. Brennan*, 891 F.2d 179, 182 (7th Cir. 1989), so it drafted § 235(b)(3) to provide:

> The United States Parole Commission shall set a release date, for an
> individual who will be in its jurisdiction the day before the expiration
> of five years after the effective date of this Act, that is within the range
> that applies to the prisoner under the applicable parole guideline.  A
> release date set pursuant to this paragraph shall be set early enough
> to permit consideration of an appeal of the release date, in accordance

with Parole Commission procedures, before the expiration of five years following the effective date of this Act.

Sentencing Reform Act, § 235(b)(3), 98 Stat. 1837, 2032. This section mandated that the release date be "within the range that applies to the prisoner under the applicable parole guideline," *see id.*, but Congress later amended § 235(b)(3) to replace the quoted language with a requirement that a release date be set "pursuant to section 4206 of title 18." *See* Sentencing Act of 1987, Pub. L. No. 100-182, § 2(b)(2), 101 Stat. 1266. Section 4206 governed parole decisions before the Sentencing Reform Act and still does. *See Norwood*, 891 F.2d at 182.

Reliford contends that the effect of § 235(b)(3), as originally enacted, was to constrain the Parole Commission to set a release date within his "applicable parole guideline," *see* 28 C.F.R. § 2.20, which Reliford says is less than the time he already has served. The government counters that § 235(b)(3), as it has read since its 1987 amendment, simply means that before its demise the Commission must set a release date in accordance with § 4206, which gives the applicable parole guideline no greater weight than other factors pertinent to a parole decision. *See* 18 U.S.C. § 4206(c); *Romano v. Baer*, 805 F.2d 268, 269-271 (7th Cir. 1986). Reliford insists, however, that applying the amended version of § 235(b)(3) to him violates the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3.

We agree with the district court that § 235(b)(3) has never vested Reliford with a right to be released within his parole guideline range, nor does it require that he be paroled by any certain date. *See Skowronek v. Brennan*, 896 F.2d 264, 268-69 (7th Cir. 1990); *Norwood*, 891 F.2d at 182. Rather, the current version of § 235(b)(3) commands the Parole Commission before its abolition to *set* release dates for inmates subject to the parole laws. Congress several times has extended the life of the Commission, most recently to October 31, 2008. *See* U.S. Parole Comm'n Extension and Sentencing Comm'n Auth. Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035. Thus, the Commission is not yet required to set a release date for Reliford. *See Strange v. United States Parole Comm'n*, 875 F.2d 760, 762 (9th Cir. 1989).

Moreover, we already have rejected Reliford's argument that the application to him of the 1987 amendment to § 235(b)(3) violates the Ex Post Facto Clause. "[T]he purpose of the clause is to protect people against being punished for conduct that was not criminal when they engaged in it, or being punished more severely than their crime was punishable when committed." *United States v. Demaree*, 459 F.3d 791, 793 (7th Cir. 2006). Although the 1987 amendment applied retrospectively, it did not disadvantage Reliford. The amendment merely returned to the Parole Commission the discretion to set parole release dates beyond the suggested guideline range, the same authority it had prior to 1987 when Reliford

committed his crimes.   *See Norwood*, 891 F.2d at 182; *United States ex rel. D'Agostino v. Keohane*, 877 F.2d 1167, 1172-73 (3d Cir. 1989); *Tripati v. United States Parole Comm'n*, 872 F.2d 328, 330 (9th Cir. 1989); *Lightsey v. Kastner*, 846 F.2d 329, 333-34 (5th Cir. 1988).  In any event, Reliford would be in the same position even if the Commission were required to release him within his applicable parole guideline.  Reliford has served more than the *minimum* number of months under his guideline, but as the government notes, his guideline has no upper limit due to the Category Eight severity score assigned to his crimes. *See* 20 C.F.R. § 2.20.

Finally, as to Reliford's contention that the Parole Commission should have reversed its adverse 2001 ruling following his interim hearing in 2003, we agree with the district court that the Commission's statement of reasons explaining its latter decision does not suggest arbitrary and capricious action.  A statement of reasons from the Parole Commission is reviewed to ensure it has a rational basis. *See Walrath v. Getty*, 71 F.3d 679, 684 (7th Cir. 1995); *Furnari v. Warden, Allenwood Federal Correctional Inst.*, 218 F.3d 250, 256-257 (3d Cir. 2000).  The purpose of an interim hearing is "to consider any significant developments or changes in the prisoner's status that may have occurred subsequent to the initial hearing." 28 C.F.R. § 2.14.  The Commission properly considered that Reliford's parole guideline range was unchanged since his initial hearing and further concluded that no regulatory or procedural changes had occurred that would inure to Reliford's benefit.  Thus, the district court properly concluded that the Commission rested its determination at the interim hearing on a rational basis.

We have examined the other arguments raised by Reliford and conclude that none has merit.  Accordingly, the judgment of the district court is AFFIRMED.