NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 24, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2419

| | |
|---|---|
| RICHARD L. PLUMMER, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:08-cv-209-RLY-WGH |
| HELEN J. MARBERRY, *Respondent-Appellee*. | Richard L. Young, *Chief Judge*. |

**O R D E R**

Richard Plummer, a federal inmate, petitioned for a writ of habeas corpus, contending that the United States Parole Commission improperly postponed his release date in violation of the Due Process Clause, the Ex Post Facto Clause, and his plea agreement. The district court denied his petition, and we affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Plummer was serving in the Marine Corps when he murdered his fellow serviceman, Kevin Berrigan, in 1985. The two were embezzling money from the government; after learning that Berrigan had implicated Plummer to their superiors, Plummer murdered Berrigan by stabbing him 71 times. In a court martial that same year, Plummer pleaded guilty to murder (but not premeditated), conspiracy to commit wrongful appropriation, and wrongful appropriation, and was sentenced to life imprisonment. Plummer was transferred from the custody of the military to the Bureau of Prisons to complete his sentence. *See* 10 U.S.C. § 858.

Plummer applied for parole and received his first hearing before the Commission in April 1997. The panel assigned Plummer a severity index of Category Eight for his crime and a salient factor score (based on Plummer's criminal history) of 9, yielding a parole guidelines range with a lower bound of 100 months' imprisonment and no upper limit. *See* 28 C.F.R. § 2.20, Chapter 2, Subchapter A, § 201; *id.* at Chapter 13, Subchapter B, Salient Factor Scoring Manual. Plummer expressed remorse and told the examiner that he did not remember committing the murder because he was in a mindless rage. The Commission assigned Plummer a presumptive release date of December 21, 2009, but explained that it needed additional information from the court martial. If the court-martial documents showed that the murder was preplanned, contrary to Plummer's assertion, the parole panel would have a "completely different opinion" about Plummer's behavior and parole date.

In 2000 the deputy general counsel for the Parole Commission, after reviewing Plummer's case on an unrelated issue, followed up on the parole panel's request for further details about the crime. The Commission obtained and reviewed records from the court martial and, in October 2001, reopened the parole case to consider the new information. *Id.* § 2.28(f). In addition to considering evidence of premeditation, the case analyst also contemplated whether Plummer had murdered Berrigan with the intention to silence a witness, which would make Plummer ineligible for parole. *See id.* § 2.20 n.1. A hearing was scheduled for March 2002 to review the records. But Plummer had not received the new information in advance, so the Commission postponed the hearing. Four months later, after Plummer had reviewed the court-martial documents, the hearing took place. The Commission ultimately found that the new information did not establish a motive to silence a witness but did show premeditation. It amended Plummer's parole status; instead of presumptive release in 2009, Plummer was denied parole and assigned a reconsideration hearing in 2012. *See id.* § 2.14(c)(1). Since then Plummer has attended interim hearings in 2004 and 2006, held to see if any developments warranted reconsideration of his status, *see id.* § 2.14(a)(1)(ii), with no changes resulting.

Plummer petitioned for relief under 28 U.S.C. § 2241 in May 2008. He raised seventeen different arguments based on the Constitution and the Parole Commission's regulations. The district court rejected all of his contentions.

On appeal Plummer presses only a few of these arguments. As many other prisoners have unsuccessfully argued before him, Plummer first contends that § 235(b)(3) of the Sentencing Reform Act of 1984, Pub. L. No. 98-473, tit. II, ch. II, 98 Stat 1837, entitles him to receive a release date based on parole guidelines. But he is doubly mistaken, relying as he does on the original version of § 235(b)(3) from 1984. As amended in 1987, § 235(b)(3) does not vest prisoners with the right to a release date within the parole guidelines range. *See Skowronek v. Brennan*, 896 F.2d 264, 268-69 (7th Cir. 1990); *Norwood v. Brennan*, 891 F.2d 179, 182 (7th Cir. 1989). To the contrary, as long as the Commission continues to operate, that amended section grants to the Commission discretion to set a parole release date *beyond* the parole guidelines range (which in Plummer's case has no upper limit anyway). *Norwood*, 891 F.2d at 181 n.2, 182. Congress most recently extended the life of the Parole Commission until November 1, 2011. *See* U.S. Parole Comm'n Extension Act of 2008, Pub. L. No. 110-312, 122 Stat. 3013. And until the Commission approaches the final three months of its life, it is not required to set *any* release date for Plummer. *See Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 248-49 (3d Cir. 2008); *Bledsoe v. United States*, 384 F.3d 1232, 1236-37 (10th Cir. 2004).

Next, Plummer contends that applying the amended § 235(b)(3) to his 1985 offense violates the Ex Post Facto Clause. The Ex Post Facto Clause protects people from being punished more severely than they could have been when they committed their crime. *See United States v. Demaree*, 459 F.3d 791, 793 (7th Cir. 2006). Although the 1987 amendment applied retrospectively, it did not disadvantage Plummer; he would be in the same position even if the Commission were required to release him within his applicable parole guidelines, since his range has no upper limit.

Plummer argues that the Commission deprived him of due process by attempting to rely on new information about premeditation that Plummer had not reviewed. The Commission can consider new, adverse information after it provides notice. *See* 28 C.F.R § 2.28(f); *Schiselman v. U.S. Parole Comm'n*, 858 F.2d 1232, 1234-35 (7th Cir. 1988). When Plummer stated that he had not received the information and needed time to prepare, the Commission provided him copies and postponed the hearing until July 2002. Since it immediately remedied its error by giving Plummer the new information, and took no action in Plummer's case before then, the Commission did not violate Plummer's due process rights.

Relatedly, Plummer contends that the Commission exceeded its statutory authority by finding at his parole hearing that the murder was premeditated. But the Commission

may rely on information that has not been proven in an earlier adversarial setting so long as it provides the prisoner with advance access to the information, as it did. *See* 18 U.S.C. §§ 4207, 4208(b); *Pulver v. Brennan*, 912 F.2d 894, 896-97 (7th Cir. 1990). And the Commission can consider any mitigating or aggravating information at its discretion. *See* 28 C.F.R. § 2.20(d). It is not bound by the charge or Plummer's stipulation of fact. *See Augustine*, 821 F.2d at 368-69.

Plummer tells us that he wants to withdraw his guilty plea because he thinks that the government has not honored the plea agreement's terms. This litigation, however, concerns only parole. If Plummer wants to wage a collateral challenge against his conviction and sentence, he must use whatever remedies may be available within the military-justice system. Plummer's remaining arguments have been considered but do not warrant further discussion.

AFFIRMED.